## DAVIS v. LAMAR COUNTY.

[66 South. 210.]

COUNTIES.  *Claims. Presentation to board of supervisors.  Statute.  Construction.*

> Under section 311, Code of 1906, all claims against a county, whether based upon torts or contracts, whether the damages claimed are liquidated or unliquidated, must first be presented to the board of supervisors before the claimant can appeal to the courts.  The county must have official notice of the claim and a chance to adjust the same.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by H. Davis against Lamar county.  From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for the state.

We have never before heard the contention advanced that section 311 applied to any sort of a claim against the county, except actions arising *ex contractu.*  The appellant here was suing for a tort, pure and simple, to recover unliquidated damages; so then it would have been useless, and the law never contemplated that the party claiming to be damaged should present a claim to be passed upon.  It is different where the claimant's relations to the board is that of a contractor.  If he is a contractor, why, then the amount to which he would be entitled must have been agreed upon in advance, and the only question that could be raised with the board would be as to whether the contract had been executed according to its term.  It is also to be observed that whether it was or was not necessary to lodge a claim with the board for injuries of this character, that the proposition

as to whether it was done or not is a matter of proof to be raised by pleas, because the presentation and rejection of the claim could rest in parol. *Brookhaven* v. *Lawrence County,* 55 Miss. 189.

*Salter & Hathorn,* for appellee.

What was the legislative intent and purpose in enacting said section 311 of the Code of 1906? Evidently said section was intended and designed to protect and guard the county against the expense of unnecessary litigation by giving it the right and opportunity of having claims of whatever kind and character presented to the board of supervisors, and thereby enabling the county to settle meritorious demands or claims without suit. We can conceive of no other reason or necessity for the existence of said section. What good or valid reason can be advanced for having "claims," based upon matters arising *ex contractu,* presented to the board of sueprvisors for adjudication, thereby affording the county an opportunity to avoid the expense of litigation and at the same time, denying the county the same right and privilege upon "claim" arising out of matters of tort, for no other reason than that such claims represent unliquidated damages? We submit that the proposition is absurd upon its very face. The same necessity exists for protecting the county from the expense incident to suits based upon matters arising out of torts, as in cases of claims *ex contractu.* Such course would certainly defeat, to a large extent, the legislative intent, prompting the legislature to enact said section.

So far as we are able to ascertain from an exhaustive search of the records, and a careful study of the very able briefs of counsel for appellant, our supreme court has never been called upon to pass upon the precise question of whether or not there exists a distinction under section 311 of the Code of 1906 between "claims" *ex contractu,* and those based upon torts. But the general rule

is that a county is not liable for torts, in the absence of statute expressly or by necessary implication, declaring the liability.   7 Am. & Enc. of Law, 41; 11 Cyc., 497; 54 Miss. 363.

We have no statute expressly nor by necessary implication, declaring a county liable for torts. Our legislature has, however, in its wisdom provided a remedy by which when ones own property has been injured or destroyed, he may obtain redress for his injury.   But to avail himself of the benefits thereof, he must comply with all the provisions of the statute.   The legislature has said that one having a just claim against the county shall present it to the board of supervisors, for allowance, as a condition precedent, to bringing suit.   The requirement is a just and reasonable one, and until a party has met the requirements of the statute, no court hath jurisdiction to entertain his suit.   Counsel for appellant, says in their brief, that even if it is necessary to present the claim to the board of supervisors for allowance that the question of whether or not it was so presented is a question of proof, and cannot be raised by demurrer, and they cite the case of *Brookhaven* v. *Lawrence County,* 55 Miss. 189, in support of their contention.   We have examined closely and carefully that decision and find that the question of the necessity for the averment that it had been presented to the board of supervisors for allowance being made in the declaration was not in issue and was not passed upon by the court at all.   The only thing decided by that case was that the plaintiff was not bound by the minutes of the board of supervisors, but that he could show by parol evidence that the claim was presented to the board for allowance.   However, the supreme court has spoken in no uncertain terms upon the precise question involved, and has said that the plaintiff must aver in his declaration that the claim has been presented to the board of supervisors for allowance and by them rejected, and that failing to so aver in the declaration, renders the

same subject to demurrer. *Board of Supervisors of Lawrence County* v. *City of Brookhaven,* 51 Miss. 68, 72.

It was, and is yet, our contention that the word "claim" as used in section 311 of the Code of 1906, embraces demands of every kind and character. As we have already said, we fail to find where our court has spoken in the matter, but the courts of last resort in many other states, construing the word "claim" as used in statutes analogous to our section 311 have held that the term was broad and comprehensive enough to include demands of every kind and character including those arising in torts as well as those *ex contractu. Barrett* v. *City of Mobile,* 30 So. 36, 38; *Hentx* v. *Uinta County Comrs.,* 70 Pac. 840, 842; *Northwestern & Pacific Hypotheek Band* v. *State,* 50 Pac. 586, 587, 42 L. R. A. 33; *City of Cincinnati* v. *Hafer,* 30 N. E. 197, 198; *Pulitzer* v. *City of New York,* 62 N. Y. Supp. 587, 588.

Cook, J., delivered the opinion of the court.

This suit was begun in the circuit court by appellant against the board of supervisors of Lamar county. The declaration avers that the road contractor, acting under the orders of the board of supervisors, departed from the well-defined limits of the public road, and appropriated a part of the lands of appellant, and destroyed the shade trees growing on appellant's land. The declaration seeks to recover the value of the land so appropriated, together with damages for the destruction of the shade trees. The board of supervisors, appellee here, demurred to the declaration, the trial court sustained the demurrer, and plaintiff appeals.

One of the grounds of demurrer is as follows:

"Said declaration fails to aver or allege that the claim upon which the cause of action is founded was ever presented to the board of supervisors as required by statute, to wit, section 311, Code of 1906, and by said board rejected."

The question for decision is: Was the cause of action a claim which the statute requires shall be presented for allowance before a suit can be maintained for its recovery? We think section 311, Code of 1906, requires all claims against the county, whether based upon torts or contracts, whether the damages claimed are liquidated or unliquidated, must be first presented to the board of supervisors before the claimant can appeal to the courts. The county must have official notice of the claim, and a chance to adjust same was evidently the legislative intent as expressed in the statute.

There is some conflict in the decisions of the courts of other states construing similar statutes. No decision of the question here presented has been rendered by this court. In *Barrett* v. *City of Mobile,* 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54, interpreting a statute similar to our own, it is said:

"The legislative intention was to protect the city from expenses of unnecessary litigation by affording it opportunity to settle and discharge its liabilities without suit. The same necessity exists for such protection in respect to torts as in other claims."

*Affirmed.*