### JACKSON v. MONROE COUNTY.

[81 South. 787, Division B, No. 20696.]

COUNTIES. *Claim against. Presentation to board of supervisors.*
Under Code 1906, section 311 (Hemingway's Code, section 3684), a property owner who is damaged by a change of the location of a public road, must, before bringing a suit against the county, present his claim for damages to the board of supervisors for allowance.

APPEAL from the circuit court of Monroe county. Hon. CLAUDE CLAYTON, Judge.

Suit by Jesse Jackson against Monroe County. From a judgment for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

This case was decided prior to the decision by division "A" of this court in the case of *S. Morris* v. *Covington County,* 80 S. R. 337, and since that decision has been rendered, we think it is needless to argue this appeal at length. The declaration in the case at bar states a cause of action exactly on all fours with the above cited case.

Appellant owned a valuable farm and had built all his buildings and other improvements on the said Aberdeen & Athens Public Road, where said road abutted his land. There was no other public road or means of access to his land except by this public road. The county without notice to him as required by law abandoned the public road between two crossings on the railroad, as shown from the diagram attached to the declaration, and then authorized the railroad company to destroy the two crossings. By the abandonment of the public road, the appellant has no way of ingress to or egress from his farm, and will have to condemn a right of way across the lands of others and by some method get a right of way across the lands of others and by some method get a right of way across the railroad company's right of way. He has been greatly damaged by the action of the county, and specially damaged, as the right of way over this public road where it abutted his land is a special easement, and is distinct and in addition to the right of user of the said road possessed by him as one of the ingress to and egress from his property, is a property right of the appellant and cannot be taken or damaged for public use without due compensation having first been made. His property has been greatly damaged by reason of the fact that his easement of right of way to his property has been destroyed and the demurrer admits this special damage as alleged.

It will be argued that the county abandoned this road, or this part of the road, for the benefit of the general public and in order to keep the general public from having to cross the railroad at two places. But this is no defense to the county. The constitution protects appellant from just such unauthorized action by a county; the amount of benefit to the county cannot govern or defeat the righ · of the private property owners to his damages for the taking or damaging of

his property. The county took the property rights of the appellant and damaged him, for the use of the public, without first duly compensating him. Owing to the topography of the land, and the location of the river to the South, West and North of the appellant's land, the court can readily see the absolute necessity of appellant in reaching his property to use the public road which was abandoned. Without this public road he is cut off from all means of access to his property. The record also shows that this county road, where it was abandoned had been a public road for over fifty years, and the appellant and those from whom he claims title, have been in the possession of the land abutting on this road for the past fifty years.

The law as announced by our court in the *Morris* v. *Covington County Case, supra,* is supported by the weight of authority in the United States as shown by the cases cited in that opinion. So we will not burden this court with further citations of authority.

We respectfully submit in conclusion that the property rights of the appellant were taken and his property damaged by the county, for the use and benefit of the public, without due compensation having first been made him, and that his property rights were taken by the county and his property damaged by the construction of the new road, without notice having been given him as required by law. Under the facts alleged in the declaration, admitted by the demurrer, the appellant is clearly entitled to a reversal of this cause and remand of same for trial.

*Leftwich & Tubb,* for appellees.

Plaintiff's declaration fails to aver that this claim was ever presented to the board of supervisors and adjudicated by the board as required by section 311, Code 1906, Hemingway's Code, section 3684. This

section reads as follows: "3684. (311) Claim against county to be first presented to board for allowance. A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

This court, by an unbroken line of decisions, has held that before a claimant can be heard to vex and annoy a county by suit in the circuit court he must first present his claim to the board of supervisors and have the same rejected. *Lawrence County* v. *The City of Brookhaven,* 51 Miss. 68; *Taylor* v. *Marion County,* 51 Miss. 731; *Klein* v. *Warren County,* 51 Miss. 878; *Polk* v. *Tunica County,* 52 Miss. 422; *Marion County* v. *Woulard,* 77 Miss. 343; *Davis* v. *Lamar County,* 107 Miss. 827.

This doctrine was also announced in the recent case of *Davis* v. *Lamar County, supra,* in which the declaration failed to aver that the claim had been presented to the board of supervisors and disallowed, and on demurrer the lower court held that the declaration was defective, and did not present a cause of action. The demurrer was sustained the suit dismissed. This action of the court below on appeal, was affirmed by this court.

This court, in dealing with this line of cases, had repeatedly held that claims of every sort against the county, whether sounding in contract or in tort, or whether the damages be liquidated or unliquidated, must first be presented to the board of supervisors and disallowed before the claimant can institute his suit in the circuit court. The county must first have the opportunity to pass on the claim and make a just and

fair settlement with the claimant. The law presumes that if his claim is fair and just the board would pay it on presentation, and the county therefore, would not be annoyed and vexed with a suit. The court's attention is invited to the declaration in this record set out at pages 4, 5 and 6, in which there is not a word or an intimation that this claim was ever presented to the board of supervisors before the suit was brought. The order of the court sustaining the demurrer set out at page 9, shows that the plaintiff announced in open court that he did not desire to amend his declaration, therefore, his suit was dismissed with costs.

The court will observe that the other grounds of demurrer raise various and sundry other bars to the suit, some of which might possibly conflict in a technical sense with the doctrines announced by this court in the case of *Morris* v. *Covington County,* 80 So. 337, upon which appellant relies so implicitly. However, we do not understand that this case was intended by this court to prevent a board of supervisors from changing a public highway to as to take out crooks and bends without being subjected to suits of this character. Besides, appellant certainly had the right to compel the railroad company to maintain crossings in the road leading into his premises and if we mistake not, he has now pending in this court on appeal a suit against the railway company on this very question. However, we feel that it is not necessary to notice in detail any ground of demurrer set up in this case except the first one. It certainly drives at the heart of the case and unless the plaintiff's declaration taken separately and alone from its four corners sets out a good cause of action, then the court below properly sustained the demurrer and this court is bound therefore, under its previous decisions, to affirm the judgment below.

We respectfully submit that the case be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant brought suit against the county in the circuit court for damages for changing a public road touching his land in Monroe county so as to throw the road away from his land and leaving no ingress and egress to his place, in which he alleged that the change of the public road was made without notice to him and that his property was taken for public use without compensation and that he was damaged to the extent of three thousand dollars. The declaration failed to allege that the plaintiff had filed his claim for damages with the board of supervisors and that it had been disallowed prior to the institution of the suit. The declaration was demurred to on several grounds, the first of which is that the declaration fails to show the cause of action. Other grounds of demurrer were that plaintiff had no vested right to a continuance of the public road in front of his residence; nor that the public shall maintain and keep up said road simply for his advantage; and that the public interest required that said road be relocated; also that the declaration failed to show that plaintiff did not have a passageway along the old road where the public road was formerly located and that he had a right of condemnation to get across other property to the public road; that the authority extended by the county to the railroad company to abolish the railroad crossing where the former public road ran in no manner interfered with, or took away, the right of the plaintiff to have said crossing continued as a private way to get to the public road.

All the grounds of demurrer, except the first one, related to the plaintiff's right of action against the county for changing the public road. The demurrer was sustained by the trial court and plaintiff declined to plead further. Judgment final was entered against

the plaintiff.   The case was tried below prior to the decision of this court in *Morris* v. *Covington County,* 80 So. 337.   This case established the plaintiff's right to damages in case of discontinuance of a public road, as to an abutting property owner, and would control all of the grounds of demurrer other than the first.   The first ground of demurrer, however, is well taken, because section 311, Code of 1906, section 3684, Hemingway's Code, requires a person having a claim against a county to first present it to the board of supervisors for allowance before any suit may be brought.   This statute has been construed by this court to apply to all kinds of claims whether orginating in contract or in tort.   *Davis* v. *Lamar County,* 107 Miss. 343, 27 So. 619; *Polk* v. *Tunica County,* 52 Miss. 422; *Kline* v. *Warren County,* 51 Miss. 878; *Taylor* v. *Marion County,* 51 Miss. 731; *Lawrence County* v. *Brookhaven,* 51 Miss. 68.

It is insisted by the appellant that the case of *Copiah County* v. *Lusk,* 77 Miss. 136, 24 So. 972, controls the case at bar, and that this case is authority for the bringing of a suit of this kind without first presenting the claim to the board of supervisors.   In this case the decision turned upon the sections of the Code prescribing methods for obtaining damages for laying out, altering, or changing a public road according to section 3892, Code of 1892, being in the present Code as section 4400, and section 3894, Code of 1892, section 4402, Code of 1906, and would not involve section 311 of the present Code, or section 292, Code of 1892, requiring the claim against the county to be first presented to the board of supervisors.   We have examined the original record in the case of *Copiah County* v. *Lusk, supra,* and found that the record in this case affirmatively shows that the claim against the county was presented to the board of supervisors in January, 1897, and was disallowed by

the board. This case, therefore, is not in conflict with
*Davis* v. *Lamar County*, 107 Miss. 827, 66 So. 210, and
other cases holding in accordance with that decision.
It was necessary, therefore, for the plaintiff to first
present his claim to the board of supervisors for al-
lowance before bringing any suit against the county,
and, as he failed to do so, he could not recover in the
present suit. The judgment of the court will therefore
be affirmed without prejudice to the right of the plain-
tiff to now present his claim to the board of super-
visors for allowance and to sue in case of a refusal.

*Affirmed.*