McDowell, et al. *v.* City of Natchez

No. 42050　　　December 4, 1961　　　135 So. 2d 185

*Berger, Callon, Zuccaro & Wood, Joseph E. Brown, Jr.*, Natchez, for appellants.

*C. L. Collins, William A. Allain,* Natchez, for appellee.

APPELLANT IN REPLY.

McElroy, J.

The plaintiffs, appellants Claude C. McDowell and others, filed suit in the Circuit Court of Adams County against the City of Natchez for damages to their residential property on Madison Street, alleging that the City opened a new street in 1952 or 1953 and in doing this the water course was changed to an extent that it increased the volume and velocity of the flow of water across their property. The declaration was founded on negligence and the duty to refrain from diverting excess water across their property, and that the appellee had breached this duty. In other words, they charged

that in the construction of the street the water course was changed and that in accordance with Section 17, Miss. Constitution, they were entitled to damages for the acts performed by the City for public use. At the conclusion of the appellants' testimony the Circuit Judge directed a verdict in favor of the appellee, thus this appeal.

The evidence showed that the appellants had resided at 506 Madison Street since 1946; that the lot was perfectly level and the house in first class condition; that he had the house overhauled by putting in new ceilings and sills. There was a lot to the east of his belonging to the Blackmans. This lot was 72 feet wide and ran from Madison right on to Monroe, and on the Monroe side there was a house. The City had to tear down this house on Monroe Street and open up a street between Monroe and Madison. Prior to the time that the City opened up the street there was a graveled road that went down by the side of the Haynes property. Some of the water off of the Haynes property went down the graveled road and the other went down a path that was on the hillside. When the City opened the street, they cut the road in two, thus dropping water on that side, it being lower. There was no trouble with the water crossing the appellants' yard until the street was cut. When the street was cut, and at this time the water runs into appellants' yard, some of it runs under his house and has built up the sand and dirt on his yard in some places as high as 18 inches or two feet; that the water goes under his house and on out into Madison Street; that the water caused by the City's construction of the street has seriously damaged his property to the extent that the piers under his house sank; his doors got so he could not open and close them; the plaster cracked and fell in several places; and caused the chimney to sink. This damage amounted to between $3,200 and $4,000. This testimony was corroborated by four other witnesses.

■■ While in the appellants' brief the main point before the Court is to the effect that the court erred in granting the peremptory instruction, the appellee in its brief argued that the declaration stated only a cause of negligence and not an action under Section 17, Constitution of 1890. The appellee's objection was settled in the case of City of Jackson v. Cook, 214 Miss. 201, 58 So. 2d 498, where it was held that the two grounds are not antagonistic or inconsistent, and that the negligence charged is simply an enlargement of the charge of damages without negligence. A similar result was also reached in the City of Meridian v. Sullivan, 209 Miss. 61, 45 So. 2d 851. City of Jackson v. Cook, supra, also held: "On the other hand, Section 1464, Miss. Code 1942, requires only that 'The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different.' Section 17 requires payment for damage to private property taken for public use whether such damage be the result of negligence or not. ' * * * liability does not depend on improper construction and maintenance', and if the action be grounded in negligence recovery can be had if there be damage without negligence."

■■ The question whether the appellee was entitled to a directed verdict is a close one. In Williamson v. Inzer, 239 Miss. 707, 125 So. 2d 77, this Court said: "When at the conclusion of plaintiff's case a motion is made to exclude the evidence and direct a verdict for defendant, the court must look solely to the testimony in behalf of plaintiff and accept that testimony as true; and if the facts testified to, along with reasonable inferences which could be drawn therefrom, would support a verdict for plaintiff, the directed verdict should not be given. And it is necessary to keep in mind that when

such motion is made the question is not where lies the weight or overwhelming weight of the evidence, for the testimony must be considered in the light most favorable to the party against whom the motion is made. Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126."

The weakness of appellant's case is the failure to establish the line of causation between the work done by appellee in extending Commerce Street and the damage to appellant's property. The fact that one event follows another is usually not sufficient to establish the proposition that the first event caused the latter. This has been condemned as fallacious reasoning, however, when this case is considered in the light of all the testimony and common knowledge and experience we think there was enough to present a jury question, or at least to require the appellee to go forward with his proof. Under the rule in Williamson v. Inzer, supra, the motion for a directed verdict should have been overruled, even if the proof was such that the verdict would have been set aside as against the overwhelming weight of the evidence. Cf. Magnolia Petroleum Co. v. Williams, 222 Miss. 538, 76 So. 2d 365.

We think that the court should have overruled the motion and required the appellee to go forward with the proof. Therefore, the case is reversed and remanded.

Reversed and Remanded.

*McGehee, C. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.