## DORSEY *v.* COUNTY OF ADAMS

No. 42548          February 4, 1963          149 So. 2d 493

*Calvin B. Wells,* Natchez; *William A. Allain,* Jackson, for appellants.

*Berger, Callon, Zuccaro & Wood, Robert Y. Wood, Jr.,* Natchez, for appellee.

McElroy, J.

This is an appeal by one of the plaintiffs, Madeline Dorsey, from an order of the Circuit Court of Adams County sustaining a demurrer filed by the defendant-appellee to plaintiffs'-appellant's declaration.

The declaration alleged that the county did, during the latter part of the year 1947 or during the year 1948, cut a ditch across the land belonging to plaintiffs. The purpose of the ditch was to. drain surface water from an area to the west of said land, and not necessarily from any public road. Plaintiffs show that the new ditch through plaintiffs' property was initially dug to a depth of less than four feet and a width of less than ten feet. This ditch was so cut across plaintiffs' property by the defendant for public benefit, use and convenience. The plaintiffs charged that the ditch began to erode during the latter part of the year 1957 and continued to rapidly erode or wash away, becoming increasingly deeper and wider until it caused irreparable damage to plaintiffs' property. This erosion or wash in 1957 and 1958 was to such an extent as to cause a chasm with a depth of approximately 55 feet and a width of approximately 100 feet. This chasm now encompasses about one acre of plaintiffs' property and cuts off and makes approximately 5.63 acres of plaintiff's property inaccessible. The plaintiffs claim they are not seeking recovery of damages from the county for the cutting of said drainage ditch, but are seeking redress for damages which occurred some ten years later from erosion which resulted and was caused by the drainage ditch.

The plaintiffs allege that the claim for damages against the county was properly filed and submitted to the Board of Supervisors of Adams County, Mississippi for allowance, as provided by Section 2932, Mississippi Code of 1942, Rec., and that the Board rejected the claim. Section 2932 is in part as follows:

"Any person having a just claim against any county shall first file the same with the clerk of the board of supervisors thereof for presentation to the board for allowance, which said claim shall be properly dated and itemized, and shall be accompanied by any evidence of performance .or delivery as required by the next suc-

ceeding section; and the claimant may amend said claim at any time before final rejection or allowance, and may appear before the board and submit further evidence and argument in support thereof, having a continuance for either or both of said purposes if desired. If the board shall reject such claim in whole or in part, or refuse, when requested at a proper time, to pass finally thereon, the claimant may appeal to the circuit court, or may bring suit against the county on such claim.''

The defendant's answer on page 14 of the record showed the exhibit that the complainant had filed before the Board of Supervisors, which is outlined as follows:

The claim before the board shows that the County of Adams obtained a right-of-way or easement for the purpose of constructing a drainage ditch through and across the property of complainant, the property being commonly referred to as the Mary Earhart Tract, and being located west of the St. Catherine Creek and south of the Liberty Road, and comprising a tract of land consisting of sixteen (16) acres, more widely described and designated as shown by the attached map or plat of the Alton B. Clark, Sr., Official County Surveyor, etc.

The complainant shows that the easement or right-of-way was obtained by the county in addition to a right-of-way or easement obtained by the county from Mrs. Mary Passbach as noted in Deed Book 5U, p. 307 of the Deeds in the Chancery Clerk's Office of Adams County. Claimants show that the easement or right-of-way obtained by the County of Adams from Mrs. Passbach provided among other things *that the grantor of the right-of-way or easement would be compensated by the county for any and all erosion or other damages sustained to adjoining or abutting property, other than that specifically granted or given in the right-of-way or easement.*

That the right-of-way or easement was given by Mrs. Mary Passbach to the County of Adams for the purpose

of assisting and aiding the county in building and providing for a drainage ditch that would assist or enable property owners as well as the County of Adams to drain all of the property extending from what is presently Etnia Subdivision to any and all property extended in a easterly direction therefrom to St. Catherine Creek.

That the county initially undertook and did make the drainage ditch as hereinafter referred to over and across plaintiffs' property, that this ditch was less than 4 feet in depth and less than 10 feet in width. Claimants show that due to the negligence of the County of Adams in failing to properly and adequately undertake the proper *upkeep* the aforementioned and described drainage ditch across claimant's property, the drainage ditch was caused to erode and result in the ditch becoming wider and deeper. That this condition has continued and prevailed although the County did, about the year 1957, undertake certain inadequate measures to correct the erosion problem.

They repeatedly notified the county of the then existing conditions, and the prospects of this condition becoming increasingly worse, but the county wholly failed, neglected and refused to aid or assist claimants in controlling this erosion and that during the year of 1958 the ditch had eroded to such an extent as to result in a chasm, and that this condition now has this property in a state or condition which is impossible to repair or to put back in its former condition. The county denied this claim.

It will be readily seen that this petition is practically the same as the claim that was filed before the Board of Supervisors. The declaration states this: "That the defendant did during the latter part of the year 1947 or during the year 1948 change the course of the drainage by digging or cutting a ditch through the approximate middle of the plaintiffs' property as noted by the plat, which in so doing diverted all drainage of waters

that formerly came and passed through the ditch lying north of plaintiffs' property and south of the Liberty Road. That in addition to the diversion of the waters from this ditch, to the newly dug ditch or drainage, the defendant caused other surface waters or drainage areas to empty into the newly opened drainage ditch."

The plaintiffs charged that this ditch began to erode during the latter part of 1957 and continued to rapidly erode and wash away by becoming increasingly deeper and wider until it has caused irreparable damage to plaintiffs' property as hereinafter described; that in addition to the diversion of the water from the ditch to the newly dug ditch or drainage, the defendant caused other surface water or drainage areas to empty into the newly opened drainage ditch; that the damages sustained by them has been caused by the cutting of said ditch by the defendant, and the defendant's refusal, neglect and failure to make or attempt to make repairs when properly notified and requested.

The defendant filed an answer to the declaration incorporating a demurrer. The demurrer was based on the grounds that plaintiffs must file their claim on and by virtue of Sections 8316, 8317, 8318, and 8319, Mississippi Code of 1942, Anno. & Rec. Said demurrer further states that the just claim as represented by the Board of Supervisors by the plaintiff under and by virtue of Section 2932, Mississippi Code of 1942, Anno. & Rec., was actually filed under and by virtue of the above sections of the Code. The defendants contend that since said claim was presented or should have been presented under and by virtue of these provisions, it was necessary that the plaintiff file a bond in order to effect an appeal to the Circuit Court of the County.

After hearing on said demurrer, the trial court sustained the same.

There is no contention made by the defendant that the County of Adams cannot be sued for this type of

claim, but only that the plaintiffs have not used the proper procedure.

Section 8314 shows that anyone who desires to have a public road other than a road being maintained by the state highway department laid out, altered or changed, must petition the board of supervisors of the county, etc. Section 8315 shows that a report of the committee may be set aside by the board for sufficient cause and a new committee appointed at the discretion of the board, but if confirmed, the report shall be entered at large, etc. Section 8316 shows that when an owner of land or any other person shall claim compensation for land taken by public road or for damages sustained by the construction of a road, he shall petition the board, etc. Section 8317 shows that the board of supervisors shall have power whenever necessary to drain water off the public roads through and over the adjacent lands and damages may be allowed and paid for, etc. Section 8318 states that ''the damages assessed and allowed by the board shall be paid out of the county treasury.'' Section 8319 says all proceedings of the board of supervisors in laying out, altering, or changing any public roads, and assessing damages therefor, may be reviewed by the circuit court in respect to any manner of law arising on the face of the proceedings; and on the question of damages, the cause may be tried anew, with a jury trial if desired by the landowner  - - '' . . . the board of supervisors shall grant appeals for that purpose, when prayed for, on the appellant giving bond for the costs in such penalty as the board may require not exceeding two hundred dollars, . . . ''

(Hn 1) The declaration alleges the drainage is for the property located to the west of the property belonging to the plaintiffs, and was not drainage of any public road, which alleged facts must be taken as true, since they are admitted by demurrer. Then it appears that Section 8317 does not and could not apply or be con-

trolling and governing in this type of law suit. Section 8317 further states: " . . . in the same manner as is provided in regard to locating public roads." In order to ascertain the manner in which the damage sustained under and by virtue of Section 8317 is to be obtained, reference must be made to Section 8316. Section 8316 states: " . . . for damages sustained by the construction of a road, he shall petition the board of supervisors, in writing, at the next meeting after the laying out of the road, or at the meeting when the report thereof shall be returned, . . ." Appellant claims that there was no way for the plaintiffs to submit to the board of supervisors any claim for the damages as alleged in the declaration within this spelled-out time limit, since the damages accrued some ten years after the actual construction of a drainage ditch.

In Covington County v. Watts, 120 Miss. 428, 82 So. 309, a similar case, it was held that the county was liable for damages to plaintiff's land. Plaintiff's claim for damages was first presented to the Board of Supervisors, and upon disallowance there, suit was filed in the circuit court. In this case the damage done by Covington County to the property belonging to the plaintiff, Watts, was caused by water draining off of a public road. The court held that the plaintiff had a cause of action arising under Section 17 of the State Constitution, and further held that under Section 24 of the State Constitution he had a remedy by due process of law in the courts, and further stated that under Section 309, Code of 1906, Section 3682, Hemingway's Code, he had a right to sue the county, and that further, under Section 311 of the Code of 1906, Section 3684, Hemingway's Code, (Section 2932, Code of 1942), he had to first present said claim to the board of supervisors there for allowance.

Davis v. Lamar County, 107 Miss. 827, 66 So. 210 held to the effect on a suit for shade trees cut by the

county in construction of a public road, on demurrer, that the claim must first be submitted to the board of supervisors for approval or rejection.

In Davis v. Lamar County, supra, the court further stated that it was the legislative intent that the board of supervisors first be given an opportunity to allow or disallow a just claim against its board having to defend a lawsuit.

In Bishop v. Chickasaw County, 182 Miss. 147, 180 So. 395, the court held that the plaintiff, ex Sheriff and Tax Collector, had to first present his claim properly dated and itemized to the Board of Supervisors for allowance before he could institute suit. It appeared from a reading of the cases and a legislative history of Section 2932 that it was the intention of the legislature to require any person having a just claim against the county to first present the claim to the board of supervisors for allowance before instituting any other legal action. Without this section, there is no provision which would require any just claim of the nature of the claim in controversy before this Court to be first presented before the board. This does not appear to conform with the legislative intent in the act, evidenced as far back as 1857.

(Hn 2) This Court has held that Section 17 of the Constitution of 1890 is self-executing. Therefore, it is not necessary that any statute be enacted before the individual whose property has been taken for the use, benefit and convenience of the public without compensation can institute suit for recovery against the county. Code Sections 8316, et seq., dealing with the opening of new roads, do not apply. The present question is whether the board of supervisors properly has kept up this ditch, and, by adding additional drainage water for the benefit of the general public, with resulting damages, has caused damages to appellant's property for which she is entitled to compensation. Under Section 17 of

the Constitution, granting compensation for private property taken or damaged for public use, appellant is entitled to be heard on the allegations of her declaration. The circuit court erred in sustaining appellee's demurrer.

McDowell v. City of Natchez, 242 Miss. 386, 135 So. 2d 185, held, "On the other hand, Sec. 1464 of the Mississippi Code of 1942 requires only that 'the declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different.' Section 17 requires payment for damage to private property taken for public use whether such damage be the result of negligence or not. '. . . liability does not depend on improper construction and maintenance,' and if the action be grounded in negligence recovery can be had if there be damage without negligence." Citing City of Jackson v. Cook, 214 Miss. 201, 58 So. 2d 498.

In Covington, et al. v. Carney, 135 So. 2d, p. 192, the Court held: "No point is made as to the form or sufficiency of the demurrer. The appellants merely refer to the rule that the allegations, which are well pleaded, must be taken as confessed. This is true. The principle has been so often reiterated and is so elemental that it needs no citation of authority. Actually, in the trial, the complainants may fail utterly to prove the allegations of their bill. But the court has no discretion to determine what allegation is true and what is untrue. It must accept as true every allegation which is well pleaded."

The case of Covington County v. Watts, supra, seems to conform more to the case in question, in which the Section 17 of the Constitution is involved, as well as

Section 24. In that case there had been damages in their construction. "The appellee brought suit against Covington County for damage to 11 acres of land owned by him in the said county through which a public road ran. The board of supervisors made a road district in conformity to Chapter 145, Laws of 1912, and issued bonds in accordance with the said law . . . The said road commissioners employed an engineer to draw the plans and specifications for working the road in question, . . . In filling in across a ditch which crossed the road from plaintiff's place the ditch was filled up, and a culvert placed at a height of not less than 12 inches above where the bottom of the ditch formerly went, which construction caused the waters to be impounded to a height of 12 inches over certain of plaintiff's land. Plaintiff presented a claim for damages to the board of supervisors, which board disallowed the claim, and this suit was filed in the circuit court for damages in the sum of $1,000, and a verdict was rendered and judgment entered for $100, from which judgment the county appeals." The question was that the court erred in not sustaining the motion for a peremptory instruction of the defendant, the county. "It is contended by the county that the case at bar is governed by the announcement by this court in Rainey v. Hinds County, 79 Miss. 238, 30 So. 636, where this court held that a county is not liable to one whose property is damaged by the negligent or tortious construction of a causeway by a road overseer in the absence of directions from the board of supervisors as to how it should be made. In that case, the court held the county was not liable because the overseer was constructing the causeway in question on his own initiative and not under the direction of the board of supervisors; . . . In the present case, the board of supervisors had approved the plans and specifications for the road work, and had let the contract for such work and accepted the work as being

in accordance with the contract. So in the present case the work was done at the instance and on the direction of the board of supervisors.

"It is provided in Section 17 of the state Constitution that 'Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law,' etc.

"Sec. 24 of the state Constitution provided that 'All courts shall be open; and every person for an injury done him in his lands * * * shall have remedy by due course of law,' etc.

"Sec. 309, Code of 1906, section 3682, Hemingway's Code provides: 'Any county may sue and be sued by its name, and suits against the county may be instituted in any court having jurisdiction of the amount sitting at the county site,' etc.
   * * *

(Hn 3) "We think that the case at bar comes within the case just quoted from and that the county was liable for the injury inflicted. It is insisted, as an additional reason for a peremptory instruction for the county, that the board created a separate road district, and the board had appointed highway commissioners under the supervision of a competent engineer, and if there was any liability it was against the district . . . It will be noted from a careful reading of chapter 145 that the powers of the commissioners are limited and are such effective until approved by the board of supervisors."

Davis v. Lamar County, supra, held that claims of this nature, which was the claim in that case for shade trees which the county had damaged in constructing a road, that the claim must first be filed either in tort or contract action before the board of supervisors.

Parker v. State Highway Commission, 162 So. 162. Parker, the appellant, brought an action at law against the State Highway Commission for damages to his land

and residence located in the City of Ellisville. The State Highway Commission interposed a demurrer on the ground of which is as follows: ''The declaration shows on its face that no property of the plaintiff was taken by the State Highway Commission in performing the work complained of, and even if plaintiff was damaged by the performance of such work, there is no provision of law which entitled plaintiff to recover such damages from the Highway Commission.'' The demurrer was sustained. The declaration contained many things, including the following statement: ''Plaintiff says that the said highway or street and the said' ditch and gutter, as constructed by the authority of the said defendants, as aforesaid, and at their instance, has greatly damaged plaintiff's property, has taken part of his property rights, and has rendered it impossible for plaintiff to enter his premises from the front with any kind of vehicle or to park any kind of vehicle in front of his said premises, and has made a dangerous pitfall immediately in front of his premises, and has taken part of his right, title and interest in said property, and has otherwise injured and damaged his said property in the sum of $750.00.''

The court further said: ''To sustain and uphold the judgment of the court below the appellee contends that Section 17, Constitution of 1890, is not self-executing so as to entitle plaintiff to recover damages from the highway commission, a governmental agency of the state. Embraced in its contention is the theory that the statutes controlling the state highway commission do not, in terms, provide the method by which property damage, within the meaning of Sec. 17 of the Constitution, shall be ascertained, and since the Legislature has neglected to so provide, the state highway commission may not be sued therefor. Its position is that although the state highway commission may damage the property of a citizen while constructing, reconstructing, and main-

taining public highways, in accordance with the statutes, yet that citizen whose property is so damaged is without remedy.

\* \* \*

"Section 17 of the Constitution replies to this argument firmly, positively, decisively, and unequivocably. The courts of the land, in order to preserve the liberty and rights of the people, must adhere to the plain stipulations of that document, and it would be a sad day in the history of a democratic constitutional form of government if the courts should swerve from the plain mandates of the organic law, which all the people are bound together in solemn compact to uphold and preserve. It is no unusual occurrence for litigants to assert to this court that direct, painful, and destructive results will follow in the event of an adverse decision to the particular litigant. The building of good roads is now thought to be a most desirable object to be attained; but even so, we are convinced that the maintenance of the home, and the right to go in and out of it, travels far toward the goal of this government in its effort to secure for its citizens life, liberty, and the pursuit of happiness." The case was reversed and remanded.

An examination of the pleadings and the plat as an exhibit shows that the damage to the ditch on the property of appellant resulted from failure to maintain and keep up it, and that it is located some several hundred feet from any public road. As the pleading states, there were several years in which it was kept up and maintained in an orderly way, but then somewhere around 1957, when the original place had been built sometime in the 40's, that the increase of water had caused the damage and also the failure to keep up the place. Therefore, we think that the pleadings are ample enough and that the court erred in sustaining the demurrer, and that the case should have been tried on its merits.

384

We think that the court should have overruled the demurrer and tried the case on its merits. Therefore, the case is reversed and remanded.

Reversed and remanded.

*Lee, P. J., and Arrington, Ethridge and Gillespie, JJ.,* concur.