467 So.2d 666 (1985)
George A. RUNGE, Jr., et ux.
v.
NECAISE CONSTRUCTION COMPANY, INC., A. Garner Russell & Associates, Inc. and Harrison County, Mississippi.
No. 55521.
Supreme Court of Mississippi.
April 10, 1985.
*667 William H. Myers, Gordon, Myers & Frazier, Pascagoula, for appellants.
Richard P. Salloum, Franke, Rainey & Salloum, G.E. Estes, Jr., Estes, Estes & Alexander, Tim C. Holleman, Boyce Holleman, Gulfport, for appellees.
Before ROY NOBLE LEE, SULLIVAN and PRATHER, JJ.
PRATHER, Justice, for the Court:
Requirements of pleading and procedure when a citizen alleges the taking of private property by the state without due compensation in violation of the constitution of this state is the subject of this appeal. The Chancery Court of Harrison County sustained general demurrers of the appellees, Necaise Construction Co., Inc., A. Garner Russell & Associates, Inc. and Harrison County, MS to the amended complaint of the appellants, George A. Runge, Jr. and wife, Ruth Y. Runge, and dismissed appellants' action with prejudice.
Mr. and Mrs. Runge appeal contending that the lower court erred in ruling that the complaint should be dismissed for failure of the appellants to first present their claim to the County Board of Supervisors.

I.
On December 11, 1981 appellants George A. Runge, Jr. and his wife Ruth Y. Runge filed a complaint in the Chancery Court of Harrison County against the appellees, Necaise Construction Co., Inc. and A. Garner Russell & Associates, Inc. The complaint sought injunctive relief and $230,000 damages and $16,000 attorneys fees as a result of alleged trespass upon and damage to real property owned by the appellants and situated in Harrison County. Russell and Necaise filed separate answers in which each asserted as an affirmative defense that the construction of the drainage canal was pursuant to a contract with the Harrison County Board of Supervisors for the construction of Federal Aid Secondary Project No. 0109(2)B, Wolf River Road.
Following a suggestion of non-joinder of a necessary party, the court ordered the joinder of Harrison County and the appellants filed an amended complaint charging Harrison County with joint and several liability for the alleged damage. On April 1, 1983, the chancellor entered an order sustaining as to all defendants Harrison County's general demurrer to the amended complaint on the ground that the appellants failed to first present their claim to the Harrison County Board of Supervisors as required by Miss. Code Ann. § 65-7-61 (1972).
Appellants filed a second amended complaint in which they reasserted the same allegations of the first complaint, but denied that the damage to their property was done for purposes of constructing a public road. To this second amended complaint, all appellees filed demurrers based on section 65-7-61. On June 30, 1983, the chancellor entered an order sustaining as to all defendants the general demurrers to the second amended complaint, again on the ground that the appellants failed to first present their claim to the Harrison County Board of Supervisors as required by Miss. Code Ann. § 65-7-61.
On July 28, 1983, appellants filed their third amended complaint charging the same allegations of trespass and damage, but additionally that the actions of appellees constituted violations of the Thirteenth Amendment of the United States Constitution *668 and the Mississippi Constitution, as well as violations of 42 U.S.C. sections 1981, 1982 and 1983. To this third amended complaint, all appellees demurred and on November 25, 1983 the chancellor entered a final decree sustaining the demurrer as to all appellees, again based on Miss. Code Ann. § 65-7-61 and dismissing the appellants' action with prejudice.

II.
The question presented is whether the lower court erred in dismissing the complaint for failure of appellants to first present their claim before the Board of Supervisors of Harrison County.
Miss. Code Ann. § 65-7-61 (1972) provides as follows:
When any owner of land or other person shall claim compensation for land taken for a public road, or for damages sustained by the construction of a road, he shall petition the board of supervisors, in writing, at the next meeting after the laying out of the road or at the meeting when the report thereof shall be returned, setting forth the nature and character of the damages claimed, whereupon the board shall, on five days' notice to the petitioner, go upon the premises and assess the damages sustained by him. The finding of the board shall be in writing, signed by the members agreeing to it, and must be entered on the minutes at the next meeting; but if the damages sustained and claimed be less than the cost of assessing, the board may allow the same without inquiry.
In Davis v. Lamar County, 107 Miss. 827, 66 So. 210 (1914), the plaintiff filed suit against the Board of Supervisors of Lamar County alleging that a contractor for a public road project departed from the limits of the public road, appropriating a portion of the plaintiff's land and destroying plaintiff's trees. The trial court sustained the demurrer by the Board of Supervisors on the ground that the plaintiff failed to first present his claim to the Board. On appeal, this Court affirmed stating:
The question for decision is: Was the cause of action a claim which the statute requires shall be presented for allowance before a suit can be maintained for its recovery? We think section 311, Code of 1906, requires all claims against the county, whether based upon torts or contracts, whether the damages claimed are liquidated or unliquidated, must be first presented to the board of supervisors before the claimant can appeal to the courts. The county must have official notice of the claim, and a chance to adjust same was evidently the legislative intent as expressed in the statute.
66 So. at 210. Subsequent decisions of this Court have reaffirmed the requirement that a property owner alleging damage as a result of the construction of a public road must first present his claim to the Board of Supervisors of the County before bringing any suit against the County. Bishop v. Chickasaw County, 180 So. 395 (Miss. 1938); Jackson v. Monroe County, 120 Miss. 125, 81 So. 787 (1919).
The more recent trend in this Court is to permit a judicial forum where a citizen alleges a violation of Miss. Const. section 17, which provides as follows:
Section 17. Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.
In Dorsey v. County of Adams, 149 So.2d 493 (Miss. 1963) plaintiff alleged that the County cut a ditch across her land for public benefit and use. Plaintiff appealed to the circuit court from a denial of her claim by the County. The circuit court, however, sustained the County's demurrer based on the fact that plaintiff's appeal to the circuit court did not follow statutory *669 bond requirements. This Court reversed, stating:
This Court has held that Section 17 of the Constitution of 1890 is self-executing. Therefore, it is not necessary that any statute be enacted before the individual whose property has been taken for the use, benefit and convenience of the public without compensation can institute suit for recovery against the county. Code Sections 8316, et seq., dealing with the opening up of new roads, do not apply. The present question is whether the board of supervisors properly has kept up this ditch, and, by adding additional drainage water for the benefit of the general public, with resulting damages, has caused damages to appellant's property for which she is entitled to compensation. Under Section 17 of the Constitution, granting compensation for private property taken or damages for public use, appellant is entitled to be heard on the allegations of her declaration. The circuit court erred in sustaining appellee's demurrer.
149 So.2d at 497.
In Williams v. Walley, 295 So.2d 286 (Miss. 1974) this Court again relied on Miss. Const. § 17 in holding that the chancery court had jurisdiction of a suit to set aside a cancellation of plaintiff's lease from the County notwithstanding the plaintiff's failure to follow the statutorily prescribed appeal procedure.
In the case sub judice appellants' third amended complaint alleged that the damage to their property constituted a violation of the Mississippi Constitution. Moreover, appellants alleged that they received no prior notice of any proposed public use of their property. As a practical matter, it would therefore have been impossible for the appellants to have petitioned the Board of Supervisors "at the next meeting after the laying out of the road" as section 65-7-61 requires since, by the time the damage to their property was discovered, that meeting was history.
In this Court's opinion, because the complaint alleged a constitutional violation as well as an absence of prior notice Dorsey, supra, is controlling. The dismissal of appellants' action by the chancellor was therefore erroneous.
Therefore, the decree of the chancellor below sustaining the appellees' demurrer and dismissing appellants' action with prejudice is reversed, and this cause remanded for trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.