WILLIAMS *v.* MEREDIAN LIGHT & RY. Co.

[75 South. 59, Division B.]

1. APPEAL AND ERROR. *Appeal after time allowed. Dismissal.*
   Where an appeal to the supreme court is not filed within the time allowed by law, and no sufficient excuse is given for the delay, the appeal will be dismissed.

2. APPEAL AND ERROR. *Stipulation of counsel. Rule of supreme court.* Under supreme court rule 22, so providing, no agreement between counsel will be regarded by that court, unless such agreement is reduced to writing and signed by them, and therefore a disputed oral agreement between counsel that of several pending cases involving the same facts in the chancery and circuit courts, only one case should be appealed and that all the other cases would be governed by the ruling of the supreme court in the case appealed, such an agreement will not be considered by the court as an excuse for the delay in not filing an appeal within the time fixed by law.

APPEAL from the circuit court of Lauderdale county. HON. J. D. CARR, Judge.

Action between F. W. Williams and the Meredian Lights Railway Company. From a judgment for defendants, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*S. A. Witherspoon,* for appellant.

*Baskin & Wilbourn,* for appellee.

COOK, P. J., delivered the opinion of the court.

Appellees have filed a motion to dismiss this appeal. The record discloses that the final judgment in this cause was rendered by the circuit court of Lauderdale county October 6, 1913; no steps were taken to appeal, until October 2, 1915, when an appeal bond was filed with the clerk of the circuit court and there it rested until the record was filed with the clerk of this court on April 14, 1917.

Appellant files certain affidavits of counsel who represented appellants below, to the effect that this case and several other cases involving the same facts and questions of law were pending in the chancery and circuit courts; that demurrers were filed to the declarations in each case and sustained by the court; that an oral agreement was made between counsel for plaintiffs and de-

fendant that only one of the cases would be appealed and all would be governed by the ruling of this court in the case appealed. This court reversed the chancery court in the appealed case, and thereupon the record in this case was filed in this court.

Counsel for appellee deny that they ever made any agreement with reference to the appeal.

It will be seen that appellants rely solely upon an oral agreement, which is disputed by appellee. Confessedly, this appeal should be dismissed but for the alleged oral agreement. Rule 22 of this court (72 So. viii) provides that "no agreement between counsel will be regarded unless reduced to writing, and signed by them." We have no written agreement, and the alleged oral agreement is disputed. The record was not filed within the time fixed by law, and when we eliminate the oral agreement, and we must do so, no reason is given for not complying with the law. The appeal will be dismissed.

*Dismissed.*