YAZOO COUNTY *v.* FALKNER, et al.

Division A. Oct. 23, 1950.

No. 37604 (48 So. (2d) 137)

Stokes V. Robertson and T. H. Campbell, for appellant.

**Henry & Barbour,** for appellees.

**Lee, J.**

This was a suit by Yazoo County to confirm and establish the boundary lines of Section 16, Township 9 North, Range 4 West, and to cancel the claims of the named defendants to three tracts of land, described in the bill.

It was alleged that M. Falkner's tract contained 6.13 acres; Tom Hawkins, 11.73 acres; and J. V. Whitaker, 2.32 acres. The bill was filed on the authority of Senate Bill 397, Laws 1944, under which the board of supervisors had chosen J. B. Williams to make a survey, and his map or plat thereof was duly filed, and made an exhibit to the bill.

The defendants by their answers, admitted that they were in possession of the lands in question; but denied that the survey correctly located the north boundary line. of the 16th section. They averred that the lands were actually in Section 9, and did not constitute any part of Section 16. In addition, their answer contained a plea that the same controversy arose between the county and the then owners in 1914; that the county filed its suit to cancel their claims and remove them from possession; that those owners answered the bill, denied the allegations thereof, maintained that the north boundary of Section 16 was south of the described lands, and that such lands were not in fact in 16th section. It was further alleged that the chancery court of Yazoo County heard that controversy, and on October 13, 1915, by its final decree, established the boundary line between Sections 9 and 16, and determined that such lands were in Section 9; that an appeal was prosecuted by the county to this Court, and the decree therein, Yazoo County v. Richardson et al., was affirmed May 7, 1917, and reported in 75 So. 59.

The cause was set down for trial on the plea. The court found that it was sustained by the proof. The County declined to .plead further and the case was dismissed with prejudice. From the decree entered, the complainant appeals here.

Since we are of the opinion that the decision in the former case is determinative of the question here, an analysis thereof is necessary.

That suit was instituted by the county, by its board of supervisors, in 1914, against James Richardson and wife,

and Urias Childress and wife. It was alleged that Section 16, Township 9 North, Range 4 West, was held for school purposes, and had not been validly sold or leased; that it was the duty of the county, under Chapter 129, Code 1906, to institute and prosecute to effect all necessary suits to establish and confirm the title of 16th section lands in the county. It was charged that the defendants were in possession and claiming the fee title to 24 acres and 8 acres, respectively, of said section, in accordance with the survey of Lamar Fontaine. There was a prayer for a decree to put the complainant in possession in accordance with such survey, and for other purposes.

The defendants therein, by their answers, denied the allegations of the bill, and averred that they were not in possession of any lands in 16th section. They further alleged that, for many years, there had been uncertainty about the line between Sections 9 and 16; that various surveys had been made; that the surveys of Fontaine and Fairley differed; that the board was about to file a suit, when all of the parties made an agreement whereby J. A. Hammack was selected to make a survey and establish the boundary; that Hammack made the survey and staked out the boundary; and that it was the true boundary. They alleged, however, that if they were mistaken in this, then the survey of Fairley established the true boundary, and they should be put in possession according to it. They made their answer a cross-bill, and prayed for the establishment of the Hammack survey as the true boundary, or, in the alternative, that the Fairley survey be so declared.

The county answered the cross-bill. It denied that the parties entered into such agreement; that Hammack made a true survey; that such survey established the true boundary; that the board of supervisors had authority to make such agreement; and that such agreement was binding.

Four surveyors, among them Fontaine and Hammack, gave depositions. From this evidence the exact location of the line between these sections was in sharp dispute.

In its final decree of October 13, 1915, the Court found "that the agreement dated May 16th 1914 between the parties is binding on all the parties, and that Hammack marked out the line between said Sections 9 and 16 under said agreement and in accordance with the same. It is therefore ordered, adjudged and decreed that the boundary between Sections 9 and 16, Township 9, Range 4 West, Yazoo County, Mississippi, is fixed as the line marked out and defined by the said J. A. Hammack, and the complainants and defendants, respectively, are entitled to and are hereby granted possession to said line, which is hereby established as the boundary line between said sections, and writs of possession may issue accordingly."

The county appealed from that decree, and the same was affirmed by this Court on May 7, 1917, as appears in Yazoo County v. Richardson et al., 75 So. 59.

The appellees here, defendants below, by mesne conveyances and inheritance in due course acquired the title and possession of the identical land involved in the former case. Yazoo County was complainant in both suits. While the Richardsons and Childresses were defendants in the original suit, their successors in title are defendants in the present controversy.

There was proof to sustain the Chancellor in finding as follows: After the establishment of the line in that suit, fences and a house were accordingly adjusted. The Hammack line was thus firmly established. It had not been questioned for 34 years. The survey by Williams, on which this suit rests, followed the Fontaine survey. One of the corners used in making that survey was an approximate corner in the Fontaine survey. But since the Fontaine survey was rejected in the former suit, such rejection may not now be overthrown by the substitution of the same survey under another name. The Hammack

line lay about 202 feet south of that line, and the lands here involved lie north of the Hammack line.

Consequently, it follows that the court was warranted in finding that the Hammack survey is the true line between Sections 9 and 16; that this line is south of the lands now in dispute; and that it is still in existence.

Appellant contends that the board of supervisors was without authority to institute suit in the former case. In passing we might make this observation: Section 211, Constitution of 1890, enjoined upon the Legislature to enact laws to ascertain the true condition of titles to 16th section lands. The Legislature complied with that mandate by the enactment of Chapter 129, Code of 1906. Section 4695 of that Chapter provided for the investigation and establishment of such titles. Section 4698 thereof, under the heading, *suits to establish title and settle disputes,* made it the duty of boards of supervisors to institute and prosecute to effect all necessary suits to establish and confirm such titles.

It is readily apparent that, in a suit to establish title and cancel the claim of another, the location of the line might be pertinent and essential. But, be that as it may, this Court, by its affirmance of the decree in the former case, has put that question beyond our consideration. That decision has become the law of this case; and Senate Bill 397, Laws 1944, is not applicable to the question here. The rights of the parties having been determined prior to the enactment of this Chapter, its application now would bring it into the category of ex post facto.

Another contention by the appellant is that the doctrine of res judicata does not apply in this case. To that we say simply that the Court, in the former case, adjudged that the agreement between the board of supervisors and the Richardsons and the Childresses for the appointment of a surveyor to run the line was binding. That meant, of course, that the board had the authority and power

to make the agreement. Such being the case, res judicata applies. 50 C. J. S., Judgments, Section 796, p. 336. See also discussion in Par. 167, Judgments, 30 Am. Jur. 912. There is no conflict with Gift v. Love, 164 Miss. 442, 144 So. 562; Eastman Oil Mills v. State ex rel. Roberson, 130 Miss. 63, 93 So. 484; Edwards Hotel et al. v. City of Jackson, 96 Miss. 547, 51 So. 802, and other cases holding that there can be no estoppel from the unauthorized acts of officers.

Appellant also complains that the introduction of the final record in the former case was error, and especially the deposition of J. A. Hammack. █ The final record was offered for the purpose of showing that the same issues, the same subject matter, and the same parties or their privies were involved in both suits. No better proof of that proposition could have been obtained. See 50 C. J. S., Judgments, Section 843, pp. 412 to 415, inclusive. It must be remembered that the decree adjudged that Hammack staked out the line. A fence was erected after the first trial. That fence was shown to be the same one which appeared on the Williams survey. Hence, the Hammack survey was accounted for by evidence in the trial, and there was no occasion to resort to the deposition of Hammack to locate his survey.

We have considered all assignments and have responded to such as we deem necessary. From which it follows that the decree of the lower court ought to be, and is, affirmed.

Affirmed.

**Holmes, C.,** took no part in the consideration of this case.