BRADY, Justice.
As reflected by the stipulation of facts, written application was filed by William Wayne Drinkwater in the office of the Chancery Clerk of Lauderdale County on August 8, 1969, seeking a ninety-nine year lease of certain sixteenth section land. In accordance with the statutory requirements, the Board of Supervisors appointed three appraisers who appraised the land and filed a report showing the ninety-nine year lease to have a value of $3,500. Petitioner likewise sought to require the County Superintendent of Education to execute the lease for and on behalf of the Board of Supervisors for the sixteenth section land.
The record discloses that the appellant, Ikie Ethridge, County Superintendent of Education, refused to do so and assigned as his reasons that he was in doubt about the legality and validity of the lease and has been convinced that the consideration which the appraisers had placed upon the land as rental value was so inadequate as to shock the conscience. He therefore refused to execute the same and in his answer also set out the fact that the twenty-five year lease under which the appellee was utilizing the land had not expired and had approximately fourteen more years to run. The record discloses that appellee presented his check for the consideration of the lease of a portion of the sixteenth section land and that the lease was presented to the Superintendent of Education who refused to sign the same.
Under Rule 23 of the Rules of the Supreme Court of Mississippi a stipulation of facts was agreed upon and all factual issues are thereby resolved. Suit was instituted and the trial court held that Mississippi Code 1942 Annotated section 6598-17 (Supp.1970) vested discretion entirely in the Board of Supervisors in regard to the granting of a lease to sixteenth section lands and that the function of the Superintendent of Education consisted only in the performance of a ministerial act in signing and executing the lease.
The basic issue presented in this cause is simply whether or not under the applicable statutes the Superintendent of Education has the authority to set aside the findings of the Board of Supervisors and to vitiate the granting of the lease by them to the appellee by refusing to sign and execute the same. In deciding this issue, we point out that Mississippi Code 1942 Annotated section 6598-17 (Supp.1970) provides:
All leases entered into under the provisions of this act or under the provision of law now in force applicable to sixteenth section lands, shall he upon such terms and conditions as shall be directed and provided by the county board of supervisors by order entered upon its minutes, and such leases shall be executed and signed for and on behalf of the county board of supervisors by the county superintendent of education.
It is to be noted that there is nothing complex or confusing in this section. It simply affords the Board of Supervisors the power to determine upon what terms and conditions the lease of sixteenth section lands shall be made and requires the County Superintendent of Education to *790 sign such order when it has been spread upon the minutes of the Board of Supervisors. The appellants, however, assert that a certain sentence in section 6598-16 (Supp.1970), which relates to the duties of the County Superintendent of Education in regard to lands, leases thereon and investment of funds derived therefrom, grants him the discretionary right to sign or not to sign a lease properly authorized by the Board of Supervisors. A review of Mississippi Code 1942 Annotated section 6598-16 (Supp.1970) clearly indicates the ministerial acts which the Superintendent of Education is required to do with reference to the sixteenth section lands, such as the keeping of a current docket of the existing leases, executions thereof, and the amount and time of payment of rentals provided therefor in the leases. It provides further that it shall be the duty of the County Superintendent of Education to collect promptly all rentals due and all principals and interest due upon loans and investment of sixteenth section lands. The sentence upon which appellant seeks to justify his refusal to comply with the requirement of Mississippi Code 1942 Annotated section 6598— 17 (Supp.1970) is this sentence found in Mississippi Code 1942 Annotated section 6598-16 (Supp.1970):
* * * It shall be the duty of the county superintendent of education to supervise generally the administration of all sixteenth section lands within his jurisdiction. * * *
It is apparent therefore that the determination of this cause is in truth and fact merely an interpretation of statutory requirements, duties and powers. It would require a distinct interpolation on the part of this Court of section 6598-16 (Supp.1970) and read therein powers granted to the County Superintendent of Education which are wholly lacking. This same section places the statutory duty and responsibility only upon the Board of Supervisors to determine whether the appraisal amount be reasonable or not. Nowhere do we find a provision in this statute which makes the opinion and conclusion of the Superintendent of Education paramount to the determination of the decisions of the Board of Supervisors. We find no statutory authority prohibiting nor do we find any case relating to the appellee’s right to terminate his present lease which had fourteen years remaining and to enter into a new lease for ninety-nine years.
This case is perhaps a classical illustration of a great truth which has universal application. The nature of government is such that the more power it has, the more power it seeks, and it takes its power from the people directly or indirectly by usurpation from other departments of state. If the legislature had wanted to make the decision of the Board of Supervisors subject to the approval of the County Superintendent of Education it could have done so with few and simple words.
Since this is a case of first impression, there are no decisions of this Court available. Reference heretofore has been made to the sections which have application to the leasing of sixteenth section lands. In addition thereto there are also Mississippi Code 1942 Annotated sections 6597, 6597-02 and 6597-06 (Supp.1970). However, the record discloses that the acreage which was leased of the sixteenth section lands in the case at bar was located in the city of Meridian.
In conclusion, we hold therefore that Special Judge Lyle B. Cory, specially appointed by agreement of counsel to hear this cause without a jury, did not commit error in ruling as he did and the order and judgment of the trial court in issuing the writ of mandamus and requiring the signature of the appellant, Ikie Ethridge, County Superintendent of Education, was properly issued.
For the foregoing reasons, this cause is affirmed.
Affirmed.
RODGERS, P. J., and JONES, SMITH and SUGG, JJ., concur.