RODGERS, Presiding Justice.
The facts in this case are almost identical with the facts set out in Ethridge v. Drinkwater, 252 So.2d 788 (Miss.1971). In the instant case, as in Ethridge, the County Superintendent of Education of Madison County, Mississippi, refused to sign a lease of sixteenth section school lands as required by Mississippi Code Annotated § 29-3-55 (1972). The attempted appeal from the order of the board of supervisors leasing the land was dismissed because it was not perfected within the time required by law. See Cox v. Board of Supervisors of Madison County, 290 So.2d 629 (Miss.1974). The order of the board became final; nevertheless, the su-perintenndent now contends that the board had established certain policies, including the policy giving him the veto power over the leasing of sixteenth section school lands. When the board of supervisors changed these policies, the county superintendent would not sign the lease. He gave as his excuse, among others, that the check was not made out to him, nor was it tendered to him. The check was in the form of a cashier’s check made payable to the County Treasurer of Madison County for the Sixteenth Section Principal Fund, Township 7 North, Range 2 East. The proof shows, however, that the superintendent of education admitted that the check was tendered to him. We hold that it was not necessary that the superintendent’s name be on the check, since it was payable to the Sixteenth Section Township School Fund.
We are of the opinion that our holding in Ethridge v. Drinkwater, supra,[1] is dispos-itive of this case, and that the judgment of the trial court directing the clerk to issue a mandamus requiring the superintendent of education to sign the lease here involved should be and is hereby affirmed.
Affirmed.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.

. There is a misprint in the opinion of Ethridge v. Drinkwater, 252 So.2d 788 (Miss.1971) at the top of page 790, wherein it is said that “[T]he County Superintendent of Education to sign such order when it has been spread upon the minutes of the Board of Supervisors.” [252 So.2d at 789-790]. Of course, what we intended to say was that the Superintendent of Education would sign the lease when the order was spread upon the minutes of the Board of Supervisors.