BROOM, Justice,
for the Court:
Sixteenth section leasehold interests in lands situated within the city limits of a municipality (Brandon, Mississippi) was extended for an additional period of ninety-nine years. Mrs. Ina McIntyre Harper, Mrs. Maxine Harper Carr, Orville Earl Harper, and Dale Lamar Harper (lessees, appel-lees) filed their bill in the Chancery Court of Rankin County, Mississippi, to confirm said ninety-nine year leasehold interest. The bill was filed October 20, 1973, and subsequently Tommy Edwards, Joseph S. Donnell, and James O. Ryals, Jr. (appellants) intervened in opposition. Appellants set up as affirmative defenses the aver-ments that (1) the Board of Supervisors lacked authority to extend an existing lease prior to its termination, and (2) the consideration for the ninety-nine year extension was so grossly inadequate as to “shock the conscience” and conflict with Mississippi Constitution of 1890 § 95 in that it amounted to a donation. The matter was tried by the Chancery Court of Rankin County, which held in favor of the appellees, and from said decree the objecting intervenors appeal. We affirm.
DID THE BOARD OF SUPERVISORS ON SEPTEMBER 2, 1946, HAVE AUTHORITY TO EXTEND THE EXISTING LEASES FOR A TERM OF NINETY-NINE YEARS AFTER THAT DATE1 Mississippi Constitution of 1890 § 211 became effective in 1944, and in part provides:
[Ejxisting leases of the sixteenth section lands situated in the municipalities of the state may, for a gross sum, be extended for a term of years not exceeding ninety-nine (99) years from the date of such extension .
Effective April 10, 1946, General Laws of Mississippi, Chapter 443 provided in § 3 thereof that:
When any such lands are situated in a municipality, the owner of an existing lease of such lands, upon filing an application for an extension of such lease with the board of supervisors at any time prior to or within ninety days after the expiration of such lease, shall have the right to have such existing lease extended for a term not exceeding ninety-nine years from the date of such extension for a gross sum .
As authorized by constitutional § 211, supra, the legislature by General Laws of Mississippi Chapter 443, § 3, supra, in clear and explicit language authorized, upon proper application, extensions of existing leases of sixteenth section lands within a municipality “for a term not exceeding ninety-nine (99) years from the date of such *258 extension for a gross sum.” The quoted language from Chapter 443 of the General Laws of 1946, supra, now appears in substantially the same words in the last paragraph of Mississippi Code Annotated § 29-3-61 (1972). Appellants refer to § 29-3-61 and say that it “specifically prohibits the Board of Supervisors from granting extensions to existing leases prior to the expiration of the existing lease.” Our scrutiny of the statute does not reveal such a prohibition.
Ethridge v. Drinkwater, 252 So.2d 788 (Miss.1971), involved a similar question which we answered affirmatively, and held that such a ninety-nine year extension of an existing lease was valid, Our opinion in Ethridge stated:
We find no statutory authority prohibiting nor do we find any case relating to the appellee’s right to terminate his present lease which had fourteen years remaining and to enter into a new lease for ninety-nine years.
Appellants argue that Mississippi Code Annotated § 29-3-63 (1972), precludes the Board of Supervisors from granting such an extension. ■ We do not agree because that statute merely provides that the owner of an existing lease of such lands shall have priority, exclusive of all others, to release or extend an existing lease..
Appellants cite Richburg v. Board of Supervisors, 317 So.2d 389 (Miss.1975), as authority for their argument that the Board of Supervisors could not legally grant the ninety-nine year extension. Richburg is not precedent or authority for anything other than the law of that particular case, because in it no opinion was written or published, and the facts of this case are not analogous.
No argument is made that the extension of the existing lease involved here was not done upon proper procedure in compliance with statutory requirements. We hold that the applicable sections of our constitution and legislative enactments, supra, as they existed on September 2, 1946, authorized the extensions, and no proof in the record establishes that the Board of Supervisors acted without proper authority.
DID THE CHANCELLOR ERR IN HOLDING THAT THE CONSIDERATION PAID FOR THE LEASE IN QUESTION WAS REASONABLE AND FAIR COMPENSATION? The record shows that in August 1946 the Board of Supervisors appointed three appraisers to appraise the subject property and report their findings, which was done. Their report gave an appraised fair market value of $400. The Board by its order accepted and ratified the appraisal, and executed the ninety-nine year extension. We held in Oliver v. Board of Supervisors, 211 Miss. 447, 51 So.2d 766 (1951), that the Board of Supervisors, in carrying out its responsibilities, is presumed to have complied with the law and that what they did was lawful and necessary. Here, there was no proof to the contrary.
The record is devoid of any proof that the market value of the land on September 2, 1946, was more than $400. To the contrary, the record shows uncontra-dicted expert testimony of real estate appraisers that the appraised market value of $400 on September 2, 1946, was reasonable. The land was about seventy-five acres, of which about fifty-five acres were given largely to growing trees, and about twenty acres were suitable for farming. In 1946 the land had no sewerage or water facilities. At trial below, the court found that the price for the lease was reasonable and that the requirements of law pertaining to extensions of such leases were followed in every respect. In this case the appellants asserted their affirmative defense that the consideration paid for the lease extension was not reasonable and just compensation. By pleading in that manner, the appellants assumed the burden to support their affirmative defense by competent, credible evidence. Having failed to present any testimony at all to establish that the consideration was unreasonable and not just compensation, we cannot say that the chancellor was manifestly wrong, or that his finding that the consideration was reasonable and just compensation was contrary to the *259 evidence. Our decision here is not to say that the market value of the lands with which we are concerned is not now much greater than $400. As stated in the opinion of the trial court, thirty years ago no one could foresee how much the value of the American dollar would shrink by 1977. Our decision is based upon specific uncontradict-ed evidence with reference to the value of the property as of September 2, 1946, and not upon present values. No competent testimony to the contrary was introduced.
No reversible error has been established in the briefs or oral argument, and therefore the decree entered below must be affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.