357 So.2d 319 (1978)
M.F. SURLES, County Superintendent of Education of Montgomery County, Mississippi
v.
The STATE of Mississippi ex rel. Niles McNEEL, District Attorney.
No. 50479.
Supreme Court of Mississippi.
April 12, 1978.
Sumner & Sumner, John M. Sumner, Winona, for appellant.
J. Niles McNeel, Dist. Atty., in pro per.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Montgomery County, Mississippi, wherein the appellant, M.F. Surles, County Superintendent of Education of Montgomery County, was ordered by the court to execute a twenty-five year lease on sixteenth section lands in Montgomery County which he had previously refused to do.
The lease on certain sixteenth section lands in Montgomery County expired during the year 1976 and the Board of Supervisors advertised for bids for a twenty-five year lease on these properties.
Bids were received on these properties in accordance with the advertisement. However, the Montgomery County Board of Education refused to approve the leases because of the amount bid for them. Thereafter, in accordance with Mississippi Code Annotated section 29-3-1 (1972), appraisers were appointed and the Board of Education refused to accept the appraisals made by the appraisers. As a result the matter was heard by the Chancery Court of Montgomery County pursuant to the provisions of Mississippi Code Annotated section 29-3-1 (1972), and values were established by the court.
*320 Thereafter the Board of Supervisors directed the County Superintendent of Education to execute the twenty-five year lease on the lands at the annual rental rates set by the Chancery Court.
The Montgomery County Board of Education then directed the Montgomery County Superintendent of Education not to execute the leases because they had previously requested the Board of Supervisors to enter only into five-year leases for sixteenth section lands in Montgomery County, and consequently the proposed twenty-five year leases had not been approved by a majority of the membership of the Board of Trustees as provided in Mississippi Code Annotated section 29-3-1 (1972).
Subsequently, a petition for writ of mandamus was filed by the District Attorney for Montgomery County. The Circuit Court of Montgomery County granted the petition and entered an order directing the County Superintendent of Education to execute the said leases.
We are faced here with the problem of reconciling Mississippi Code Annotated section 29-3-55 (1972), which gives the County Board of Supervisors the power to determine the terms and conditions of "[a]ll leases entered into under the provisions of law applicable to sixteenth section lands . ." with Mississippi Code Annotated section 29-3-1 (Supp. 1977) which provides, in part, as follows:
The county boards of supervisors of the several counties wherein there are situated any sixteenth section school lands, or lands in lieu thereof, under the general supervision of the State Land Commissioner shall have control and jurisdiction of said school lands and of all funds arising from any disposition thereof heretofore or hereafter made; provided, that no action of any board of supervisors with regard to the leasing of sixteenth section lands, or lands in lieu thereof, shall be valid unless approved by a majority of the membership of the board of trustees of the school district or districts in which the section or portion thereof proposed to be leased is located. Such vote shall be taken at a regular or duly called special meeting of the board of trustees and shall be entered on the minutes thereof. In the event the board of trustees of the school district or districts in which the land is located declines to approve the rental value of the land set by the board of supervisors, the board of supervisors shall appoint one (1) appraiser, the board of trustees shall appoint one (1) appraiser, and the two (2) appraisers so appointed shall appoint a third appraiser whose duty it shall be to appraise the land, exclusive of buildings, structures and fences, and to file a written report with each board setting forth their recommendation for the rental value of the land. The cost of the appraisal shall be paid from any available sixteenth section school funds. In the event any party is aggrieved by the decision of the appraisers setting forth the appraised rental value, the party so aggrieved shall be entitled to an appeal to the chancery court in which the land is located. Such appeal shall be taken within twenty (20) days following the decision. The chancery court, on appeal, may review all of the proceedings, may receive additional evidence, and make findings of fact, as well as conclusions of law to insure that a fair and reasonable return may be obtained on the sixteenth section lands or lands in lieu thereof. (Emphasis added).
The appellant argues that the italicized portion of section 29-3-1 gives the Board of Trustees a veto over all matters relating to the leasing of sixteenth section lands. We do not agree.
It is well settled that "... statutes which deal with the same subject matter, although in apparent conflict, should, so far as reasonably possible, be construed in harmony with each other so as to give force and effect to each... ." McCullen v. State Ex Rel. Alexander, 217 Miss. 256, 267, 63 So.2d 856, 859 (Miss. 1953). We also have stated that "`[t]he words, phrases and sentences of a statute are to be understood as used, not in any abstract sense, but with due regard to the context, *321 and in that sense which best harmonizes with all other parts of the statute.'" State Ex Rel. Patterson v. Board of Supervisors of Warren County, 233 Miss. 240, 271-72, 102 So.2d 198, 210 (1958), quoting 82 C.J.S. Statutes section 348 (1953).
If we were to adopt the interpretation urged by the appellant, section 29-3-55 would effectively be rendered meaningless. We are of the opinion that the foregoing rules of construction are controlling here and that the veto power conferred by the italicized portion of section 29-3-1 must be read in light of that portion of the section which deals with the procedure to be followed if the Board of Trustees and Board of Supervisors disagree over the rental value of the land. If the section is read in this way, it means that the Board of Trustees only has a veto over the annual rental value and that veto is subject to the procedure set forth to resolve such disputes.
We are convinced that this is the proper interpretation of section 29-3-1 because of the legislature's failure to amend either section 29-3-1 or section 29-3-55 so as to provide a procedure for resolving disputes on issues other than rental values. The procedure for resolving disputes over rental values indicates a legislative intent to avoid the type of impasse between the Board of Supervisors and Board of Trustees with which we are here faced. It would seem that if the legislature thought that section 29-3-1, as amended, gave the Board of Trustees a general veto power over matters other than rental values, it would have provided procedures for resolving such conflicts.
For the foregoing reasons, we hold that the circuit court properly granted the writ of mandamus and that order is hereby affirmed. See Cox v. Robinson, 295 So.2d 432 (Miss. 1974).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.