531 So.2d 585 (1988)
OKTIBBEHA COUNTY BOARD OF EDUCATION
v.
TOWN OF STURGIS, MS.
No. 57938.
Supreme Court of Mississippi.
September 7, 1988.
Ben F. Hilburn, Jr., Starkville, for appellant.
J.P. Coleman, Thomas A. Coleman, Ackerman, for appellee.
Before HAWKINS, P.J., and GRIFFIN and ZUCCARO, JJ.
*586 ZUCCARO, Justice, for the Court:

STATEMENT OF THE CASE
In 1985, the Oktibbeha County Board of Education filed a complaint against the Town of Sturgis, Mississippi, seeking to remove clouds from the title to two parcels of sixteenth section land which the Board claimed had been unlawfully leased in 1945 for a 99-year term. The Chancery Court of Oktibbeha County, holding that the 1945 lease was valid, found in favor of the defendant Town of Sturgis. From that decision, the Oktibbeha County Board of Education appeals.

FACTS
On August 3, 1942, the Oktibbeha County Board of Supervisors resolved to lease, for a period of twenty-five years, Lots 4 and 8 of Block 14 of the Town of Sturgis, Mississippi, located in Section 16, Township 17 North, Range 12 East. Pursuant to its order, the Board of Supervisors for a consideration of $20.00 leased these parcels of land to S.C. Turner under a sixteenth section lease effective August 4, 1942, and terminating August 3, 1967. This lease was recorded on August 25, 1942.
At the time of this 1942 lease, Section 211 of the Mississippi Constitution provided in part:
The legislature shall enact such laws as may be necessary to ascertain the true condition of the title to the sixteenth section lands in this state .. . and shall provide that the sixteenth section lands reserved for the support of township schools shall not be sold, nor shall they be leased for a longer term than ten years for a gross sum; but the legislature may provide for the lease of any of said lands for a term not exceeding twenty-five years for a ground rental, payable annually. ...
(emphasis added). At the time of the lease, Section 6597 of the Mississippi Code of 1942, one of several statutes enacted under the mandate of Section 211 of the 1890 Constitution, similarly provided that sixteenth section lands within a city, town, or village "shall be leased ... for a term not exceeding twenty-five years, on condition of the payment annually of the rents reserved." (emphasis added).
Effective February 4, 1944, Section 211 of the Mississippi Constitution was amended to read as follows:

The Legislature shall enact such laws as may be necessary to ascertain the true condition of the title to the Sixteenth Section lands in this state, .. ., and shall provide that the Sixteenth Section lands reserved for the support of township schools shall not be sold nor shall they be leased for a longer term than ten years for lands situated outside municipalities and for lands situated within municipalities for a longer term than 99 years, for a gross sum; provided further that existing leases of the Sixteenth Section lands situated in the municipalities of the state may, for a gross sum, be extended for a term of years not exceeding 99 years from the date of such extension, ... .
(emphasis added). The legislature did not amend Section 6597 of the Mississippi Code, however, until April 10, 1946, at which time Section 6597 was changed, by authority of the amended Section 211 of the Constitution, to provide that sixteenth section lands within a municipality could be leased for a term not exceeding ninety-nine (99) years. General Laws of Mississippi 1946, Ch. 443, § 1.
On October 11, 1945, S.C. Turner and his wife conveyed to A.P. Jackson their interest in the two parcels of land which were the subject of their sixteenth section land lease. This conveyance was recorded on October 18, 1945.
On December 4, 1945  after Section 211 of the Constitution had been amended, but while Section 6597 of the Mississippi Code of 1942 still provided for a maximum lease term of twenty-five years  the Oktibbeha County Board of Supervisors resolved to lease, and did lease, the same two parcels of land, Lots 4 and 8, to Parker Jackson (A.P. Jackson) for a period of 99 years, beginning December 4, 1945. (This is the same Mr. Jackson to whom the Turners had earlier conveyed their interest in the *587 two lots.) The two parcels were leased to Mr. Jackson for a total of $55.00 ($40.00 for Lot 4 and $15.00 for Lot 8), the rental value placed on the land by three independent appraisers.
By subsequent conveyances, the Town of Sturgis in 1984 acquired the leasehold interest in the two parcels of land, on which the Town wished to build a sewer lagoon.
In 1985, the Oktibbeha County Board of Education filed a Complaint against the Town of Sturgis, seeking to confirm the Board's title, as trustee, to the land in question, and seeking to strike certain conveyances of the land in question as clouds upon the title. Regardless of those issues, by stipulation of counsel for the parties, the only issue before the trial court was whether or not the 99-year lease executed by the Board of Supervisors on December 4, 1945, was a valid, enforceable lease. (The question of inadequate consideration for the lease was not presented to the lower court.)
The chancellor concluded that the lease was valid and enforceable even though at the time of the lease the legislature had not yet amended Section 6597 to conform to the provisions mandated by amended Section 211 of the Mississippi Constitution. The chancellor's decision was based on his finding that the amendment to Section 211 was self-executing and, therefore, a conforming legislative enactment was not required in order to implement and make effective the provisions of the constitutional amendment.
The chancellor also found that even if Section 211 were not self-executing, the Oktibbeha Board of Education would be estopped, under the doctrine of after-acquired title, from asserting the invalidity of the lease.
From the chancellor's decision, the Oktibbeha Board of Education appeals, assigning three errors, only two of which require discussion:

I. DID THE CHANCELLOR ERR AS A MATTER OF LAW IN HIS FINDING THAT THE AMENDMENT TO SECTION 211 OF THE CONSTITUTION WAS SELF-EXECUTING AND DID NOT REQUIRE THE PASSAGE OF ANY NEW STATUTE TO IMPLEMENT THE AMENDMENT?
The parties cite no decisions directly on point, and we have found no decision of this Court stating conclusively whether or not the Section 211 amendment is self-executing. However, in Edwards v. Harper, 354 So.2d 256 (Miss. 1978), this Court used language strongly suggesting that a conforming legislative enactment was necessary to implement Section 211. In Edwards, the Board of Supervisors of Rankin County, on September 2, 1946,  after the legislature had amended Section 6597 of the Mississippi Code to conform to the Section 211 amendment  extended a sixteenth section land lease for 99 years. This Court upheld the validity of the extension, stating: "We hold that the applicable sections of our constitution and legislative enactments ... as they existed on September 2, 1946, authorized the extensions... ." 354 So.2d at 258 (emphasis added). Other language from the Edwards opinion further suggests that Section 211 is not self-executing, but requires enabling legislation:
As authorized by constitutional § 211 ... the legislature by General Laws of Mississippi Chapter 443, § 3, ... in clear and explicit language authorized, upon proper application, extensions of existing leases of sixteenth section lands within a municipality "for a term not exceeding ninety-nine (99) years from the date of such extension for a gross sum."
354 So.2d at 257-58. See also Yazoo County v. Falkner, 209 Miss. 641, 48 So.2d 137 (1950); Smith v. McCullen, 195 Miss. 34, 13 So.2d 319 (1943).
The Town of Sturgis argues correctly that this Court has found certain other sections of the Mississippi Constitution self-executing. In State v. Gulf, M. & N.R. Co., 138 Miss. 70, 104 So. 689 (1925), where the validity of the Income Tax Act of 1924 was at issue, Section 30 of that Act was challenged because it did not prescribe the conditions by which a defaulting taxpayer could exercise his right, explicitly granted under Section 79 of the Constitution, to redeem real estate sold for non-payment *588 of taxes. Section 79 directed that those conditions be prescribed by law. In holding that the omission of the conditions for redemption did not invalidate Section 30, the Court stated that Section 79 of the Constitution is self-executing. 138 Miss. at 107, 104 So. at 692. This Court also has held that Section 17 of the Constitution is self-executing. Dorsey v. County of Adams, 246 Miss. 369, 149 So.2d 493 (1963); Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162 (1935). Section 17 provides that "[p]rivate property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law... ."
On the other hand, constitutional Section 80, which directs the legislature to make laws to prevent the abuse by municipalities of their powers of assessment, taxation, borrowing, and contracting, has been held by this Court to be not self-executing. Spencer v. Mayor & Board of Aldermen, 215 Miss. 160, 60 So.2d 562 (1952); Turner v. City of Hattiesburg, 98 Miss. 337, 53 So. 681 (1910).
There is an obvious distinction between Sections 17 and 79, which have been held to be self-executing, and Section 80, which has been held to be not self-executing: both Sections 17 and 79 grant distinct individual constitutional rights. Section 17 grants the right of due compensation in eminent domain proceedings; Section 79 grants the right of redemption from all real estate sales made for non-payment of taxes. Section 80, however, grants no such rights. When a constitutional provision grants a distinct right, the provision is self-executing and requires no legislation to effectuate it. 16 Am.Jur.2d, Constitutional Law, § 140 (1979); Rose v. State, 19 Cal.2d 713, 123 P.2d 505 (1942). The amendment to Section 211, like Section 80, grants no individual rights. It simply directs the legislature to enact laws which will effectuate its provisions regarding sixteenth section lands and permits the legislature to grant authority for a proper entity to execute leases. "It is ... a well-established rule that constitutional provisions contemplating and requiring legislation to enforce them are not self-executing and remain inoperative except as implemented by appropriate legislation... ." 16 Am.Jur.2d, Constitutional Law, § 140 (1979). See Ewing v. Oroville Mining Co., 56 Cal. 649 (1880); Draughon v. Heitman, 124 Fla. 24, 168 So. 838, reh'g denied, 125 Fla. 822, 170 So. 306 (1936); Moosa v. Abdalla, 248 La. 344, 178 So.2d 273 (1965); Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155 (1948).
In State v. Cole, 81 Miss. 174, 32 So. 314 (1902), a petition for a writ of mandamus was filed to compel the state auditor to issue a warrant for payment of the interest on money held, by the state, in trust for the Industrial Institute and College of Columbus. The basis for the petition was Section 212 of the Mississippi Constitution, which fixes the interest on trust funds held by the state for educational purposes, and directs the semiannual distribution of the earned interest. At the time of the petition, no legislation had been enacted to implement Section 212. This Court began its opinion with these words:
There are in our constitution many provisions that are self-executing, and not requiring legislative action to make them effective; but they are unmistakable from their terms, and manifestly section 212 is not one of this character. It does no more than fix the rate of interest on trust funds held by the state at 6 per cent, and to direct its semiannual distribution, leaving to the legislature the carrying into effect of the sovereign will as thus expressed.
State v. Cole, 81 Miss. at 192, 32 So. at 315 (emphasis added).
The language of amended Section 211 is unmistakable: it clearly contemplated and required legislation to enforce its provisions. Therefore, Section 211 as amended on February 4, 1944, is not self-executing.
It is stated in 16 Am.Jur.2d, Constitutional Law § 140 (1979):
A constitutional amendment which is not self-executing does not affect existing legislation until the enactment of legislation putting the amendment into effect. *589 Even if a constitutional provision contains a mandatory requirement that the legislature adopt a particular provision, there is no remedy if the legislature fails to obey such constitutional mandate.
See also Ursuline Academy v. Board of Tax Appeals, 141 Ohio St. 563, 49 N.E.2d 674 (1943).
Since Section 211 is not self-executing, it had no effect on Section 6597 of the Mississippi Code until 1946 when the legislature amended the statute. Consequently, the 25-year maximum term provision of Section 6597 was still in effect in 1945 when the 99-year lease was given in favor of Parker Jackson.
In H.K. Porter Co., Inc. v. Board of Supervisors of Jackson County, 324 So.2d 746 (Miss. 1975), this Court stated: "It is clear under the law of this state that the board of supervisors of [a] county have [sic] no authority other than that delegated to it by the legislature." Accord, American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296 (1939); Jefferson County v. Grafton, 74 Miss. 435, 21 So. 247 (1897). In Universal Motor Co. v. Newton County, 158 Miss. 873, 131 So. 827, 828 (1931), we held: "The members of the board of supervisors are trustees for the public and must act for the public, and are bound by the limitation fixed by law upon their powers... . These being fixed by law, all persons are charged with notice of them." And in American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296 (1939), this Court held that, where the board of supervisors of Marion County leased courthouse lands without statutory authority to do so, the lease was null and void.
Under the authority of these decisions, the only logical conclusion that can be reached is that the 1945 lease to Parker Jackson for a term of 99 years was and is void. The chancellor erred in finding that the amendment to Section 211 of the Mississippi Constitution is self-executing; thus, his finding that the lease was valid is error.

II. DID THE CHANCELLOR ERR IN ASSERTING THAT THE BOARD OF EDUCATION WAS ESTOPPED UNDER THE DOCTRINE OF AFTER-ACQUIRED TITLE FROM QUESTIONING THE VALIDITY OF THE LEASE?
The chancellor found that even if the amendment to Section 211 of the Constitution were not self-executing, the Board of Education, under the doctrine of after-acquired title, would be estopped to deny the validity of the lease, because the legislative enactment of 1946 implementing Section 211 subsequently authorized the 99-year lease. We disagree.
It is true that Mississippi recognizes the doctrine of after-acquired title in certain circumstances. See Mississippi Code Annotated § 89-1-39 (1972); Mills v. Damson Oil Corp., 437 So.2d 1005 (Miss. 1983); Buchanan v. Stinson, 335 So.2d 912 (Miss. 1976). As the Court stated in Buchanan, 335 So.2d at 913, "the after-acquired title doctrine is founded upon premises of equitable estoppel." But it is also a well-established rule in Mississippi that the doctrine of equitable estoppel cannot be applied against the state or its counties where the acts of their officers were unauthorized. American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296 (1939); Koonce v. Board of Supervisors of Grenada County, 202 Miss. 473, 32 So.2d 264 (1947); Gift v. Love, 164 Miss. 442, 144 So. 562, 86 A.L.R. 63 (1932); Eastman Oil Mills v. State, 130 Miss. 63, 93 So. 484 (1922). See also Lancaster v. City of Columbus, 333 F. Supp. 1012 (N.D.Miss. 1971); Bambini Partnership v. State, 491 So.2d 508 (Miss. 1986) (Judg. Aff'd by Phillips Petroleum Co. v. Mississippi, ___ U.S. ___, 108 S.Ct. 791, 98 L.Ed.2d 877, reh'g denied, ___ U.S. ___, 108 S.Ct. 1760, 100 L.Ed.2d 221 (1988)); Reliance Mfg. Co. v. Barr, 245 Miss. 86, 146 So.2d 569 (1962); 28 Am.Jur.2d Estoppel and Waiver § 127 (1966); 31 C.J.S. Estoppel §§ 142-43 (1964).
In American Oil Co. v. Marion County, 187 Miss. 148, 159, 192 So. 296, 300 (1939), this Court stated: "In the case at bar, the board of supervisors was without power to lease the courthouse lands under the circumstances. Therefore, being without power to lease it ..., no estoppel could *590 arise against it for the lease is absolutely null and void."
In the present case, the granting of the 99-year lease to Parker Jackson was beyond the powers of the Board of Supervisors. It follows that the lease was null and void. Therefore, the chancellor erred in finding the lease to be valid.

CONCLUSION
For the reasons stated above, we hold that the 99-year lease executed on December 4, 1945, to Parker Jackson (and subsequently by mesne conveyances ultimately assigned to the Town of Sturgis) is null and void.
REVERSED AND RENDERED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROY NOBLE LEE, C.J., not participating.
DAN M. LEE, P.J., dissents without written opinion.