# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60457

———————

Pieter Teeuwissen; Anthony R. Simon; Simon & Teeuwissen, P.L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Hinds County, *Mississippi, by and through its Board of Supervisor*s; David Archie, *individually and in his official capacity*; Credell Calhoun, *individually and in his official capacity*; Robert Graham, *individually and in his official capacity*; John Does I-V, *each individually and in his official capacity*; Mississippi Association of Supervisors Insurance Trust,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-9

———————————————————————

Before Smith, Higginson, and Willett, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

Mississippi common law generally forbids local-government officers from using contracts to bind their successors-in-office. As a result, newly elected officers typically have unilateral authority to void any contracts that they find in effect upon taking office. But the Mississippi Supreme Court also

No. 22-60457

recognizes an exception to the general rule. If the prior officers had "express statutory authority" to bind their successors, then the successors must honor any contracts that their predecessors agreed to using that authority.

A Mississippi statute empowers boards of supervisors to contract "by the year" for legal counsel. The Hinds County Board of Supervisors hired Pieter Teeuwissen and his law firm to perform legal work for the County. Teeuwissen's contracts with the County were each for a one-year term. But before the year was up, an election flipped the board's composition, and the new board terminated both contracts. Teeuwissen sued, arguing that the contracts required the County to pay him a fixed sum for the full year—even if the County no longer wanted his legal services. The district court granted the County's motion to dismiss, reasoning that no statute expressly authorized the old board to bind the new one. On appeal, Teeuwissen argues that the statutory phrase "by the year" gave the old board "express authority" to bind the new board. We agree, and we therefore REVERSE and REMAND for further proceedings.

I

Pieter Teeuwissen and Anthony R. Simon are members of the law firm Simon & Teeuwissen (together, "Teeuwissen"). The Board of Supervisors for Hinds County, Mississippi entered into two "employment contracts" with Teeuwissen in the fall of 2019. The first contract named Pieter Teeuwissen as the Board Attorney for the Board of Supervisors, while the second designated the law firm as Special Counsel for the County. Each contract began on October 1 and terminated one year later. And each contract contained a clause requiring the County to pay Teeuwissen for a full year's worth of work even if the board terminated the contract early. All told, these contracts were worth about $250,000 per year, to be paid in installments.

No. 22-60457

About three months into the contracts' one-year term, an election occurred, and a new board took office. A majority of the new board members voted to terminate the contracts. Despite the early-termination clauses, and even though the contracts had about nine months remaining, the County stopped paying Teeuwissen.

Teeuwissen sued Hinds County and the individual board members who voted for termination (together, "the County"). He argued that the early termination and stalled payments "deprived [him] of [his] property interest, in violation of the Fifth and Fourteenth Amendments to the Constitution . . . and 42 U.S.C. § 1983." He also asserted several state-law theories. He asked the district court for damages, and for related injunctive and declaratory relief against the County.

The County moved to dismiss, arguing that the new board had unilateral authority to terminate the contracts and to ignore the early-termination clauses. The County's argument relied on a Mississippi common-law rule that prohibits members of a local government from using contracts to bind their successors-in-office. The County acknowledged that this rule yields when a statute expressly authorizes members of a local government to bind their successors. Even so, the County argued that no statute expressly authorized the old board to bind the new board to the contracts with Teeuwissen. Citing Mississippi Code § 19-3-47, Teeuwissen responded that the legislature has expressly authorized the board to hire local counsel "by the year." According to Teeuwissen, this language allowed the old board to bind the new board, and therefore required the new board to pay the early-termination fee that the contracts called for.

The district court granted the County's motion to dismiss. It held that the contracts were voidable because Section 19-3-47 "authorizes the Board to contract for one-year terms, but it does not explicitly authorize them to

3

No. 22-60457

bind successors." Since the contracts were voidable, the district court held that Teeuwissen had "failed to state a protected property interest," and it rejected his federal causes of action. The court also declined to exercise supplemental jurisdiction over the state-law claims. Teeuwissen timely appealed.

## II

The district court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the grant of a 12(b)(6) motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[1]

## III

"The first inquiry in every due process challenge . . . is whether the plaintiff has been deprived of a protected interest in property or liberty."[2] "To have a property interest in a benefit, a person clearly must . . . have a legitimate claim of entitlement to it."[3] "Such entitlements are 'not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent

---

[1] *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (internal quotation marks and citation omitted).

[2] *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1014 (5th Cir. 2023) (internal quotation marks and citation omitted).

[3] *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972)).

source such as state law.'"[4] "A 'benefit is not a protected entitlement if government officials may grant or deny it in their discretion.'"[5]

Here, the parties agree that Mississippi law supplies the standards that we must use to determine whether Teeuwissen's contracts were a discretionary benefit versus a protected entitlement. Mississippi's common law holds that members of a local government "may not bind their successors in office by contract, unless expressly authorized by law."[6] Under Section 19-3-47 of the Mississippi Code: "[A] board of supervisors shall have the power, in its discretion, to employ counsel *by the year* at an annual salary at an amount that it deems proper . . . ."[7]

The phrase "by the year" has meaning only if it allows a board to bind successors. Otherwise, it is surplusage. And indeed, the Mississippi Supreme Court's leading case on this issue lists several other statutes in which a length of time was the kind of explicit authorization that the district court said was missing from Section 19-3-47. That case, *Northeast Mental Health-Mental Retardation Commission v. Cleveland*, guides our decision here.[8] The district court's contrary view amounts to a test that no Mississippi statute meets.

For all those reasons, we conclude that the statutory phrase "by the year" is an express grant of authority that allows the board of supervisors to

---

[4] *Id.* (quoting *Paul v. Davis*, 424 U.S. 693, 709 (1976)).

[5] *Harrison v. Young*, 48 F.4th 331, 341 (5th Cir. 2022) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)).

[6] *Ne. Mental Health-Mental Retardation Comm'n v. Cleveland*, 187 So. 3d 601, 604 (Miss. 2016).

[7] Miss. Code Ann. § 19-3-47 (emphasis added).

[8] 187 So. 3d 601 (Miss. 2016).

No. 22-60457

bind successors-in-office.[9] Because the contract was binding, Teeuwissen had a protected property interest in the money that the contracts' early-termination provisions guaranteed him under Mississippi law.[10]

## A

We begin with the statute's plain text. Under Mississippi law, "[e]very word, sentence, phrase, or clause in a statute must be given a meaning."[11] The phrase "by the year" has meaning only if it allows the board to bind successors. To see why, consider what the statute would look like without that phrase:

> [A] board of supervisors shall have the power, in its discretion, to employ counsel ~~by the year~~ at an annual salary at an amount that it deems proper, not to exceed the maximum annual amount authorized by law for payment to a member of the board.[12]

Teeuwissen argues that this three-word phrase "is the exact authorization which does authorize the board of trustees to bind a successor board." Teeuwissen's statutory interpretation gives the phrase "by the year" independent meaning within Section 19-3-47, because deleting it

---

[9] *See Cleveland*, 187 So. 3d at 609 ("[O]rdinarily a new statute will not be considered as reversing long-established principles of law and equity unless the legislative intention to do so clearly appears." (internal quotation marks omitted) (citing *Thorp Commercial Corp. v. Miss. Road Supply Co.*, 348 So.2d 1016, 1018 (Miss. 1977)).

[10] *See, e.g.*, *Mollaghan v. Varnell*, 105 So. 3d 291, 304 (Miss. 2012) (suggesting that private individuals would suffer a "deprivation of a property right" if their "employment contracts were . . . terminated early" or if they were less than "fully compensated under their contracts" with a governmental entity).

[11] *Jones Cnty. Sch. Dist. v. Covington Cnty. Sch. Dist.*, 352 So. 3d 1123, 1132 (Miss. 2022) (internal quotation marks omitted).

[12] Miss. Code Ann. § 19-3-47 (alterations added).

would change that Section's meaning (from a meaning that allows the board to bind successors, to a meaning that doesn't). By contrast, the County argues that the Section gives the board "statutory authority to . . . contract" but "does not allow that municipality to bind successors." But if the County's view were correct, its interpretation would remain valid even if the phrase "by the year" disappeared.

Teeuwissen's interpretation is superior because it saves "by the year" from being surplusage. If the board has authority to agree to one-year contracts for legal services, it necessarily (if implicitly) has authority to agree to a one-year contract at any point in time—even if that point is near an election. Nor are elections the only events that can bring a successor board into existence. A board member might choose to resign; or every member might make that same choice. Seen from this vantage, a "successor" board is (at least theoretically) standing around every corner. But no matter when a successor board arrives, or how, Section 19-3-47 requires it to honor the balance of any annual contracts for legal services that a predecessor board agreed to.[13] If it were otherwise, then the phrase "by the year" would not be doing any work—an interpretation that Mississippi law disfavors.[14]

Teeuwissen's interpretation also makes good sense. Without power to bind successors, a board might struggle to hire counsel. Taking the contract would be risky during an election year, when the board's membership might flip, but it would be risky during other years too (because

---

[13] We note that some secondary sources have recognized that: "Respecting the binding effect of contracts extending beyond the terms of officers acting for the municipality, there exists a clear distinction in the judicial decisions between governmental and business or proprietary powers." 10A McQuillin Mun. Corp. § 29:103 (3d ed.). But the County does not invoke this distinction, and we therefore decline to address it.

[14] *See Jones*, 352 So. 3d at 1132.

members might resign at any point). And because Section 19-3-47 caps payment at "the maximum annual amount authorized by law for payment to a member of the board," the County cannot compensate those concerns with a higher salary (at least not where it needs to hire a full-time Board Attorney).[15]

The County does not address this plain-language argument, and neither did the district court, but the only plausible alternative readings fail. For example, it cannot be that phrase "by the year" relates solely to *salary*—not to *tenure*. Because if that were the case, then Section 19-3-47's separate reference to an "annual salary" would be superfluous.[16] We also do not read "by the year" as setting only a ceiling on the attorney's tenure, or only a floor. Indeed, the Mississippi Attorney General has rejected both views. When a board hires an attorney but neglects to document the employment term, the Attorney General has concluded that the hire is automatically "for a *one* year term."[17] This indicates that the employment contracts cannot stretch beyond a "one" year ceiling.[18] Likewise, the Attorney General says that boards cannot negotiate alternative fee arrangements, such as an hourly fee basis.[19] This indicates that employment contracts have a one-year minimum.

---

[15] Miss. Code. Ann. § 19-3-47.

[16] *Id.*

[17] Employment of Counsel, Miss. Att'y Gen. Op. No. 2002-0404, 2002 WL 31169204, at *1 (Miss. A.G. Aug. 9, 2002) (emphasis added).

[18] *Id.*

[19] Employment of Counsel, Miss. Att'y Gen. Op. No. 2004-0286, 2004 WL 1379968, at *1 (Miss. A.G. May 7, 2004).

No. 22-60457

As the district court noted, Mississippi law does not treat the Attorney General's opinions as binding. But they are often "persuasive authority."[20] And neither the County nor the district court identified any errors in the Attorney General's *reasoning*. Those opinions are therefore a persuasive source of textual analysis confirming that boards of supervisors do have express authority to bind their successors.

B

Caselaw confirms this conclusion. The Mississippi Supreme Court has already held that lengths of time can constitute explicit statutory authorization to bind successors.

The parties agree that *Cleveland* is the most closely analogous precedent. There, a contractor built a facility on land that a regional health commission owned.[21] In exchange, the commission agreed to lease the building from the contractor 99 years, at $18,000 per month.[22] But later, the commission stopped making payments and voted to void the agreement.[23] The commission sued, seeking a judgment declaring that the lease was invalid under the common-law rule against binding successors.[24] The Mississippi Supreme Court agreed.[25] Summarizing the line of cases that discuss "the rule against binding successors," it recognized that courts have used the rule "to

---

[20] *Basil v. Browning*, 175 So. 3d 1289, 1293 (Miss. 2015); *see State of Fla. ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 275 (5th Cir. 1976) (treating state attorney general's view of state law as "persuasive").

[21] *Cleveland*, 187 So. 3d at 602.

[22] *Id.* at 603.

[23] *Id.*

[24] *Id.*

[25] *Id* at 604.

void all types of agreements."[26] Drawing on those cases, the court held that the commissioners (who served only four-year terms) could not bind their successors unless "expressly authorized by law."[27] The court distinguished between "statutory authority to lease or contract" and "statutory authority to bind successors."[28] Thus, even where a local government has authority to enter contracts, that authority is not by itself sufficient to authorize the government officials to bind their successors-in-office.

*Cleveland* is important foremost because it gives *examples* of the kinds of "express" language that can authorize a local government to bind successors:

> [T]he Legislature expressly has authorized state institutions of higher learning to enter into long-term leases that do not exceed thirty-five years. Miss.Code Ann. § 37–101–41 (Rev.2014). Airport authorities may enter into leases not to exceed fifty years. Miss.Code Ann. § 61–5–11 (Rev.2013). Section 31–8–3 of the Mississippi Code permits counties and municipalities to enter into lease agreements for facilities not exceeding twenty years. Miss.Code Ann. § 31–8–3 (Rev.2010). (*See also Oktibbeha Cty. Bd. of Educ. v. Town of Sturgis*, 531 So.2d 585 (Miss.1988)) (voiding a ninety-nine-year lease because the county was granted authority only to enter into a twenty-five-year, not a ninety-nine-year, lease).[29]

*All* of these "express" authorizations appear as terms of years, and *none* of them includes any separate, additional language authorizing the

_____

[26] *Id.* at 605.

[27] *Id.* at 604.

[28] *Id.* at 605.

[29] *Id.* at 608.

entities to bind successors.[30] Rather, the legislature takes the necessary "further steps" by "granting specific entities the power to enter into long-term agreements that exceed their governing members' terms."[31]

It is true that *Cleveland*'s examples do not map the entire territory of express authorizations, and that the lengths of time in these examples are different in magnitude from the one-year authorization at issue here. But *Cleveland* explains that an express authorization exists whenever a statute both (1) gives a local government the power to enter contracts, and (2) separately specifies an approved length for the contracts. The statute at issue in *Cleveland* met the first condition but failed the second. Here, by contrast, Section 19-3-47 meets both conditions: the County can (1) "employ counsel" (2) "by the year."[32]

The County's response mistakenly treats these conditions as one and the same. Statutory authority to contract may not always bring with it the separate authority to bind successors, but the County's argument on that score responds only to a strawman. Teeuwissen is not arguing that the board's general authority to contract automatically brings with it the specific authority that allows it to bind successors. Instead, he is arguing that the board has authority to contract, and that the separate phrase "by the year" allows the board to bind successors (for that year). *Cleveland* gives Teeuwissen's argument very strong support.

---

[30] *See id.*

[31] *Id.*

[32] *See id.*; Miss. Code Ann. § 19-3-47.

No. 22-60457

C

We are also persuaded by the apparent fact that *no* Mississippi statute would survive the district court's stringent test for express authorization. The district court dismissed Teeuwissen's claims because "Mississippi Code § 19-3-47 authorizes the Board to contract for one-year terms, but it does not explicitly authorize them to bind successors."[33] This reasoning misunderstands *Cleveland*, at least to the extent that it calls for statutory language that *directly* authorizes a local government to bind successors. There is no "magic words" requirement. Not even *Cleveland*'s examples contain the kind of language that the district court seemed to be looking for.[34]

Our research has revealed no statutes that would satisfy the standard that the district court relied on for express authorization. On the contrary, the Mississippi statute books are rife with laws that apparently *would* allow individual officers to bind their successors under *Cleveland*'s test but apparently *would not* allow officers to bind successors under the district court's test. Here are a few, in addition to those that *Cleveland* gave (all emphases added):

- The state board of education has authority to lease "sixteenth section or lieu lands classified as agricultural . . . for a term not exceeding *five (5) years*."[35]

- "The Mississippi Fair Commission and the Mississippi Department of Agriculture and Commerce shall have the authority to enter contracts for the sale of the

---

[33] *Teeuwissen v. Hinds Cnty., Mississippi*, No. 3:22-CV-9-CWR-LGI, 2022 WL 3443336, at *2 (S.D. Miss. Aug. 8, 2022).

[34] *Cleveland*, 187 So. 3d at 608.

[35] Miss. Code Ann. § 29-3-81 (emphasis added).

aforementioned exclusive rights for a term not exceeding *twelve (12) years* per contract."[36]

- "The board of supervisors may lease the lot or landing for a term not exceeding *five years*[.]"[37]

The County's attempts to resolve this issue miss the point. The County argues that both *Cleveland* and the district court required express authorization. That much is correct. But the County never explains what the legislature must do to give express authorization. Instead, it says only that the words here are not enough. We disagree. The phrase "by the year" is the kind of express authorization that *Cleveland* calls for. Any other reading leaves the phrase "by the year" as surplusage.

## IV

We hold that Section 19-3-47 expressly authorized the board to bind successors, and we therefore REVERSE the district court's final judgment and REMAND for further proceedings.

---

[36] Miss. Code Ann. § 39-17-5 (emphasis added).

[37] Miss. Code Ann. § 59-19-15 (emphasis added).